IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN 18 A 10: 13

| | |
|---|---|
| EILEEN D. OLIVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06cv48-M |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE, | ) DEMAND FOR JURY TRIAL |
| ANTHONY MOLINA, individually and | ) |
| in his official capacity as President, H. | ) |
| Councill Trenholm State Technical | ) |
| College, ALABAMA DEPARTMENT | ) |
| OF POSTSECONDARY EDUCATION, | ) |
| and ROY W. JOHNSON, individually | ) |
| and in his official capacity as Chancellor | ) |
| of the Alabama Department of | ) |
| Postsecondary Education, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, a current employee of H. Councill Trenholm State Technical College, seeks declaratory and injunctive relief, compensatory damages, punitive damages and backpay from defendants arising from defendants' violation of the rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, and 1985(3), the Equal Protection Clause, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, amended by the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to the First and Fourteenth Amendments to the


SCANNED

United States Constitution, 42 U.S.C. § § 1981 and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343, and 42 U.S.C. 2000e, et. seq.

4. This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), Fed. R. Civ. P. Rule 57, and 42 U.S.C. § § 1983 and 1985(3).

## PARTIES

6. Plaintiff is a female Caucasian citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division.

7. Defendant H. Councill Trenholm State Technical College (hereinafter "Trenholm Tech") is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

8. Defendant Trenholm Tech is doing business within this District and Division.

9. Plaintiff is an employee of the defendant Trenholm Tech within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

10. Defendant Anthony Molina is an adult African-American citizen of the United States and the State of Alabama, and he resides in Montgomery County. Defendant Molina is the President of H. Councill Trenholm State Technical College and is the individual responsible for daily operation of defendant Trenholm Tech. Defendant Molina is being sued individually and in his official capacity as President for all claims of plaintiff except her Title VII claims.

11. Defendant Alabama Department of Postsecondary Education (hereinafter "Post-

secondary Education") is the entity that oversees the operation of the state's two-year colleges and other educational institutions, including defendant Trenholm Tech.

12. Defendant Roy W. Johnson is an adult Caucasian citizen of the United States and the State of Alabama, and he resides in Montgomery County. Defendant Johnson is the Chancellor of the Alabama Department of Postsecondary Education and is the individual responsible for daily operation of defendant Postsecondary Education. Defendant Johnson is being sued individually and in his official capacity as President for all claims of plaintiff except her Title VII claims.

## FACTS

13. On or about February of 1996, plaintiff was hired by defendant Trenholm Tech in the job position as leader of the JOBS Adult Education Program.

14. In or about 2001, defendant Trenholm Tech officially classified plaintiff's job position as Supervisor and Program Coordinator of the Adult Education Program. Plaintiff is responsible for running this program.

15. Throughout her employment with defendant Trenholm Tech, plaintiff has been given positive employment evaluations, letters of commendation, and verbally told that she was doing an excellent job.

16. Plaintiff has over 23 years of educational experience, with over 15 years of experience in Adult Education. Plaintiff holds a Masters degree in Educational Administration.

17. In or about July of 2004, plaintiff learned that Trenholm Tech was advertising the position of Director of Adult Education that was left vacant by the retirement of the previous Director.

18. Since she was highly qualified for the position and had been running the program since 2001, plaintiff applied for the vacant job position of Director of Adult Education.

19. On or about August 12, 2004, plaintiff was informed by a letter that she was not selected by defendant Molina for the position of Director of Adult Education. Defendant Trenholm Tech hired a less qualified African-American male for the job position. This African-American male did not possess the experience and qualifications that plaintiff had for the job position.

20. After plaintiff was discriminatorily denied promotion to the position of Director of Adult Education, her job title was changed from Supervisor and Program Coordinator of Adult Education to the lesser title of "Lead Teacher" and job duties were removed from her.

21. Throughout her employment with defendant Trenholm Tech, plaintiff has been treated differently in the terms and conditions of her employment than similarly situated male and African-American employees. Plaintiff has been held to a higher standard of performance than similarly situated male and African-American employees on a continual basis.

22. At all relevant times, defendant Postsecondary Education and defendant Trenholm Tech were subject to the terms and conditions of a Consent Decree regarding the terms and conditions of the hiring process for employees, promoting employees, and the re-organization of departments and employees' positions. See Shuford, et al. v. Alabama State Board of Education, et al., in the United States District Court for the Middle District of Alabama, Northern Division, Civil Action No. 89-T-196-N. This Consent Decree is referred to as the *Shuford/Johnson/Kennedy* Decree. Defendant Trenholm Tech had adopted policies and procedures consistent with the provisions of the *Shuford/Johnson/Kennedy* Decree.

23. When plaintiff was denied the promotion for which she applied, complaints were made on her behalf pursuant to the *Shuford/Johnson/Kennedy* Decree to all defendants and the Alabama State Department of Education. Plaintiff complained that the policies in the *Shuford/Johnson/Kennedy* Decree and the policies of Trenholm Tech were not being followed in the

search process and the denial of the promotion to her.

24.   Defendants took no actions to correct the actions of defendant Trenholm Tech and defendant Molina in failing to comply with the terms and provisions of the *Shuford/Johnson/Kennedy* Decree with regard to the employment actions involving plaintiff.

25.   The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Trenholm Tech is vested by state law in defendant Molina subject to approval by Alabama Department of Postsecondary Education.

26.   Defendant Trenholm Tech denied plaintiff the promotion and took away her job title and responsibilities based upon the decision of Defendant Molina in his position as President. Defendant Molina's actions were arbitrary and capricious.

27.   Defendant Trenholm Tech ratified defendant Molina's actions by not taking steps to stop and/or correct the same.

28.   The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Postsecondary Education is vested by state law in defendant Johnson subject to approval by Alabama State Board of Education.

29.   Defendant Postsecondary Education and defendant Johnson failed to take actions to insure that the policies and procedures of the *Shuford/Johnson/Kennedy* Decree were being followed in the employment actions regarding plaintiff. Defendants acted in an arbitrary and capricious manner.

30.   Defendants ratified defendant Molina's actions by not taking steps to stop and/or correct the same.

31.   Plaintiff's exercise of her rights to free speech and association as described above was a significantly motivating factor in defendants' denial of the job promotion to plaintiff and removal

of her job title and responsibilities. In addition, plaintiff's race and gender were also significantly motivating factors in defendants' decisions to deny the job promotion to her and to remove her job title and responsibilities.

32. The unlawful denial of the promotion to plaintiff and the removal of her job title and responsibilities were an exercise of final policy making authority, and not subject to further meaningful review under state law as well as relevant custom having the force of law, and so defendant Trenholm Tech is properly liable under 42 U.S.C. § 1983. Defendant Trenholm Tech, in adopting the recommendation of defendant Molina to deny plaintiff the job promotion and to remove her title and duties, did not engage in any meaningful review of the recommendation. Instead, defendant Trenholm Tech merely rubber-stamped their recommendation, giving mere *pro forma* approval of the decisions, which as a matter of custom and practice defendant Trenholm Tech had delegated to defendant Molina.

33. The failure to make sure that the policies and procedures of the *Shuford/Johnson/Kennedy* Decree were being followed in the employment actions regarding plaintiff were an exercise of final policy making authority, and not subject to further meaningful review under state law as well as relevant custom having the force of law, and so defendant Postsecondary Education is properly liable under 42 U.S.C. § 1983. Defendants Johnson and Postsecondary Education, in adopting the recommendations of defendants Trenholm Tech and Molina to deny plaintiff the job promotion and to remove her job title and responsibilities, did not engage in any meaningful review of the recommendations. Instead, defendants Johnson and Postsecondary Education merely rubber-stamped their recommendation, giving mere *pro forma* approval of the decisions, which as a matter of custom and practice defendant Postsecondary Education had delegated to defendants Molina and Trenholm Tech.

34. In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, and the laws of the State of Alabama.

35. As a result of defendants' denial of the promotion to plaintiff and removal of her job duties and responsibilities as described above in retaliation for plaintiff's exercise of her rights to free speech and association, and due to her race and gender, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

## COUNT I

## GENDER DISCRIMINATION - TITLE VII

36. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

37. Plaintiff has been intentionally discriminated against on the basis of her gender, female, by defendant Trenholm Tech in violation of Title VII based on the following:

A. On or about August 12, 2004, plaintiff was denied a promotion to the position of Director of Adult Education due to her gender, female. Plaintiff was well qualified for the position of Director of Adult Education, but a male with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

B. After plaintiff was discriminatorily denied the job position of Director of Adult Education, her job title was changed from Supervisor and Program Coordinator of Adult Education to the title of "Lead Teacher", and some of her job duties were removed from her due to her gender, female. This discrimination against plaintiff due to her gender is ongoing and continuing in nature.

All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

C. Throughout her employment, plaintiff has been discriminated against and treated differently in the terms and conditions of her employment because of her gender, female. Plaintiff has been held to a higher standard of performance than similarly situated male employees. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

D. Defendant Trenholm Tech has a history of discriminating against female employees in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

38. In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of her sex. Males were not treated in a similar fashion. The actions of defendant Trenholm Tech were taken with malice and reckless indifference to the federally protected rights of plaintiff.

39. As a proximate result of defendant's conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

40. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

A. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission "EEOC") against defendant on or about February 4, 2005, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B. On or about October 17, 2005, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on her EEOC charge. Said charge was received by plaintiff on or about October 21, 2005.

C. This complaint has been filed within 90 days of receipt of the notification of

right to sue on her EEOC charge.

## COUNT II

## 42 U.S.C. § 1983 and TITLE VII-RACE DISCRIMINATION

41. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

42. Plaintiff has been intentionally discriminated against on the basis of her race, Caucasian, by defendant Trenholm Tech in violation of Title VII and 42 U.S.C. § 1983 based upon the following:

A. On or about August 12, 2004, plaintiff was denied a promotion to the position of Director of Adult Education due to her race, Caucasian. Plaintiff was well qualified for the position of Director of Adult Education, but an African-American male with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

B. After plaintiff was discriminatorily denied the job position of Director of Adult Education, her job title was changed from Supervisor and Program Coordinator of Adult Education to the title of "Lead Teacher", and some of her job duties were removed from her due to her race, Caucasian. This discrimination against plaintiff due to her race is ongoing and continuing in nature. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

C. Throughout her employment, plaintiff has been discriminated against and treated differently in the terms and conditions of her employment because of her race, Caucasian. Plaintiff has been held to a higher standard of performance than similarly situated African-American employees. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

D. Defendant Trenholm Tech has a history of discriminating against Caucasian employees in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

43. In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of her race, Caucasian. African-American employees were not treated in a similar fashion. The actions of defendant Trenholm Tech were taken with malice and reckless indifference to the federally protected rights of plaintiff.

44. As a proximate result of defendant's conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

45. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

A. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission "EEOC") against defendant on or about February 4, 2005, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B. On or about October 17, 2005, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on her EEOC charge. Said charge was received by plaintiff on or about October 21, 2005.

C. This complaint has been filed within 90 days of receipt of the notification of right to sue on her EEOC charge.

## COUNT III

### 42 U.S.C. § 1983 and FIRST AMENDMENT

46. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

47. Defendants have denied plaintiff a job promotion and removed her job title and duties in retaliation for her legitimate exercise of her rights to free speech and free association as described above.

48. Through the above described actions of defendants, plaintiff has been deprived of her freedom of speech and of association as guaranteed by the First Amendment of the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3) and has been damaged as set out above.

## COUNT IV

## DENIAL OF EQUAL PROTECTION AND DUE PROCESS

49. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

50. Defendants' actions against plaintiff constitutes a denial of equal protection under the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C. § 1983.

51. The failure or refusal of the defendants to treat the plaintiff in a manner similar to other employees similarly situated is a denial of plaintiff's rights to equal protection under the law in that the defendants have created separate classes of persons with no rational basis for distinction. The plaintiff followed the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech in her application for vacant positions at Trenholm Tech. By refusing to follow the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech with regards to the employment decisions involving plaintiff, defendants are arbitrarily drawing classes of persons for employment opportunities who have the same credentials and responsibilities. Such distinctions are arbitrary and capricious and have no rational relationship to any legitimate governmental purpose. Therefore, these actions are violative of the equal protection clauses of the Federal and

State Constitutions; and defendants' policies violate the equal protection clauses of the Federal and State Constitutions because they are creating two classes of persons without a rational basis for distinction. Defendants' actions are also violative of the ruling of the Alabama Supreme Court in Ex parte Cathy McCord-Baugh, 894 So.2d 679 (Ala. 2004).

52. Defendants' actions against the plaintiff constitute a violation of adopted policies and a Court approved Consent Decree, and as such, are violative of the laws of the State of Alabama.

53. Such actions taken by the defendants in illegally depriving plaintiff of employment opportunities, salary and other benefits are contrary to law and without jurisdiction or authority under any provision of state or federal law.

54. At all times relevant hereto, plaintiff complied with all of the defendants' policies and procedures.

55. As a result of the defendants' actions as more fully set out hereinabove, plaintiff has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

56. Plaintiff alleges that the damages sustained and to be sustained by her are due to the negligence or callous disregard of the defendants to her rights and thus defendants should be liable for all damages resulting from said wrongful, unwarranted, unsubstantiated, and unconstitutional actions.

57. Plaintiff has a clear, legal right to the relief sought herein which defendants have refused to recognize.

58. The defendants have a ministerial duty to abide by the laws of the state of Alabama,

including a ministerial duty to follow the policies and procedures of the *Shuford/Johnson/Kennedy* Decree. The defendants' failures to follow the policies and procedures of the *Shuford/Johnson/Kennedy* Decree are violations of their ministerial duties.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant the following relief:

(a). Grant plaintiff a declaratory judgment that the practices complained of herein are violative of the rights secured under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981, 1983 and 1985(3) and Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto;

(b) Grant plaintiff an order enjoining defendants and all persons acting in concert with defendants from engaging in discriminatory and retaliatory employment practices on the basis of gender and race;

(c) Grant plaintiff placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

(d) Grant plaintiff the appropriate amount of backpay, damages, a pay raise with backpay in the amount she would earned but for the unlawful and discriminatory practices of defendant, and re-instatement, or in the alternative, frontpay;

(e) Grant plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

(f) Award plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

(g) Award such other legal and equitable relief as may be appropriate.

Respectfully submitted,

_____
Candis A. McGowan (ASB-9358-036C)

OF COUNSEL:

JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, Alabama 35203
Telephone:   (205) 324-0223
Facsimile:   (205) 323-1583
Email:       cmcgowan@saxonattorneys.com

_____
Gary Eugene Atchison (w/ permission by CAM)

P.O. Box 2002
Montgomery, Alabama 36102-2002
Telephone: (334) 262-7232

_____
Nancy E. Perry (w/ permission by CAM)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone:   (334) 834-9790
Facsimile:   (334) 834-7034
Email:       nancyp@alaedu.org

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

_____
COUNSEL FOR PLAINTIFF

**PLAINTIFF'S ADDRESS:**
Eileen D. Olive
1825 Brookstone Drive
Montgomery, AL 36117


**PLEASE SERVE DEFENDANT BY
CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Trenholm State Technical College
1225 Air Base Boulevard
Montgomery, Alabama 36108

Anthony L. Molina
President
Trenholm State Technical College
1225 Air Base Boulevard
Montgomery, Alabama 36108

Alabama Department of Postsecondary Education
401 Adams Avenue
Montgomery, Alabama 36104-4340

Roy W. Johnson
Chancellor
Alabama Department of Postsecondary Education
401 Adams Avenue
Montgomery, Alabama 36104-4340