IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EILEEN D. OLIVE, | * |
| | * |
| Plaintiff, | * |
| | *     Civil Action Number |
| v. | * |
| | *     2:06-CV-48-M |
| H. COUNCILL TRENHOLM STATE | * |
| TECHNICAL COLLEGE, *et al.*, | * |
| | * |
| Defendants. | * |

MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT

The Defendants H. Councill Trenholm State Technical College ("Trenholm State"), the Alabama Department of Postsecondary Education, Anthony Molina, and Roy W. Johnson (hereinafter, collectively the "Defendants"), by and through Troy King, Attorney General for the State of Alabama, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), respectfully move this Honorable Court to dismiss the Complaint for the reasons set out with specificity below. In the alternative, the Defendants respectfully move this Honorable Court pursuant to Federal Rule of Civil Procedure 12(e) to order the Plaintiff to provide the Defendants with a more definite statement so that the Defendants may frame an appropriate responsive pleading. As grounds therefor, Defendants state the following:

1.      Defendants Trenholm State and the Alabama Department of Postsecondary Education, and the Defendants Molina and Johnson in their official capacities, are not "persons" for purposes of an action under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491

U.S. 58 (1989). Therefore, Plaintiffs claims under 42 U.S.C. § 1983 in Counts Two, Three, and Four are due to be dismissed for failure to state a claim upon which relief can be granted against said Defendants.

2. This Court lacks subject matter jurisdiction to compel the Defendants Molina and Johnson, who are state officials, to comply with state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 117 (1984). Thus, Plaintiff's claims against those Defendants based upon their alleged violations of state law (Count IV) should be dismissed.

3. The Plaintiff's claims based on a denial of equal protection under the Constitution of Alabama, 1901, (Count IV) are due to be dismissed. The Alabama Supreme Court has held that there is no entitlement to equal protection under the Constitution of Alabama, 1901. *Ex parte Melof*, 734 So. 2d 1172, 1181 (Ala. 1999).

4. To the extent that the Plaintiff seeks to sue Trenholm State and the Alabama Department of Postsecondary Education for damages for alleged violations of the Plaintiff's federal constitutional rights through 42 U.S.C. § 1983 (Counts Two, Three, and Four) or for alleged violations of state law (Count IV), the Complaint is barred by the Eleventh Amendment. The Supreme Court has held that "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies <u>regardless of the nature of the relief sought</u>." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted) (emphasis added). The State of Alabama has not consented to this suit. Article I, § 14 of the Constitution of Alabama provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Indeed, in *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), the Supreme Court quoted § 14 and noted "it appears that no consent could be given under Art. I,

§ 14, of the Alabama Constitution"). Thus, Counts II, III, and IV of the Complaint cannot go forward against Trenholm Tech, and the Alabama Department of Postsecondary Education. Similarly, to the extent that the Plaintiff claims relief under state law, Count IV of the Complaint is barred by the Eleventh Amendment. *Pennhurst, supra.*

     5.    Defendants Trenholm State and the Alabama Department of Postsecondary Education are not liable under Title VII for punitive damages because Title VII does not allow for the imposition of punitive damages against a "government, government agency, or political subdivision." 42 U.S.C. 1981a(b)(i); *Walker v. Fla. State University School*, 2004 WL 3135466 (N.D. Fla. 2004) at 2; *Biggs v. State of Fla. Bd. of Regents*, 1998 WL 344349 (N.D. Fla. 1998); *see also Garrett v. Clarke County Board of Education*, 857 F. Supp. 949 (S. D. Ala. 1994). Thus, Plaintiff's claims for punitive damages against those Defendants must be dismissed.

     6.    To the extent that the Plaintiff proposes to sue the State of Alabama by suing Defendants Molina and Johnson in their official capacities for alleged constitutional violations through 42 U.S.C. § 1983, the Complaint is barred by the Eleventh Amendment because "official capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978); *see also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). As the Court noted in *Pennhurst*, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest,'" and "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." 465 U.S. at 101-2. Therefore, Counts III and IV of the Complaint cannot go forward against the individual Defendants in their official capacities.

7.     To the extent that the Plaintiff is seeking to sue Defendants Molina and Johnson in their individual capacities for damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983 (Counts III and IV) under the theory of respondeat superior, the Complaint fails to state a claim upon which relief can be granted because respondeat superior is not applicable to such claims. *Monell v. Dept of Social Services of the City of New York*, 436 U.S. 658 (1978); *Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980).

8.     To the extent that the Plaintiff is seeking to sue Defendants Molina and Johnson in their individual capacities for damages based upon allegations of negligence, mere negligence will not support a claim for damages for alleged constitutional violations brought under 42 U.S.C. § 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986).

9.     In the case at bar, Defendants Molina and Johnson are being sued for alleged constitutional violations under 42 U.S.C. § 1983. Defendants Molina and Johnson are state officials (see Complaint at ¶¶ 10 and 12) who may be entitled to assert a defense of qualified immunity to the Plaintiff's specific claims against them. Such Defendants are entitled to specific and clear notice as to what acts or omissions they allegedly committed and a clear legal basis for their alleged liability to the Plaintiff. *See N.A. ex rel Ainsworth v. Inabinett*, 2006 WL 297222, n.1 (M.D. Ala. February 7, 2006) *(citing GJR Investments, Inc. v County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998) as requiring a heightened pleading standard where defendants are entitled to plead qualified immunity in response to a suit alleging constitutional violations under 42 U.S.C. § 1983). The allegations of the Plaintiffs complaint, however, are broad and conclusory. *See, e.g.,* Complaint at ¶ 51 (defendants failed or refused "to treat the plaintiff in a manner similar to other employees similarly situated); at ¶ 48 (alleging that "plaintiff has been

4

deprived of her freedom of speech and association"); at ¶ 47 (alleging retaliation for Plaintiff's "exercise or her rights to free speech and association as described above," when no exercise was in fact "described above"); and at ¶ 37 C. (alleging that "throughout her employment" Plaintiff was subjected to disparate treatment in the "terms and conditions of her employment" because of her gender). The broad and conclusory nature of the Plaintiff's allegations not only limits the Defendants' ability to frame an accurate response, but it also undermines their ability to assert appropriate defenses, including qualified immunity.

      10.    Count III of the Complaint "re-alleges" all of the previous factual averments of the Complaint (Complaint at ¶ 46), irrespective as to whether those allegations correlate with particular Defendants or claims against particular Defendants. Moreover, the next paragraph asserts a claim of retaliation because of Plaintiff's "exercise of her rights to free speech and free association as described above," but fails to identify which of the allegations in the preceding 46 paragraphs constitutes the purported "exercise" of Plaintiff's rights to free speech and free association. Thus, the cause of action stated in Count III is an amalgamation of allegations that prevent Defendants from making a coherent responsive pleading. As the Court noted in *Walker v. Fla. State Univ. Sch.*, 2004 WL 3135466 (N.D. Fla. 2004),

> With regard to the set of general allegations incorporated by reference into all counts of the complaint, the practice is disfavored. *Johnson Enterprises of Jacksonville v. FPL Group, Inc*., 162 F.3fd 1290, 1332-33 (11th Cir. 1998). Although the Court recognizes that there is some factual overlap among Plaintiff's various claims, not all of the allegations are pertinent to all claims and more care should be taken to incorporate only those allegations that are pertinent to each claim. *Id*.

5

Therefore, the Complaint should either be dismissed or the Plaintiff directed to re-plead her causes of action so that each claim contains only those allegations that are pertinent to that claim (so the Defendants may respond accordingly).

11. The Plaintiff is seeking to sue Defendants Johnson and Molina in their individual capacities for damages for violation of her constitutional right to equal protection (Count IV). The Complaint does not state with specificity, however, what act or omission that these defendants allegedly did or did not do that would provide them with notice of how their conduct allegedly violated the Plaintiff's right to equal protection. Moreover, the Complaint fails to disclose the identity of an appropriate comparator and fails to allege when any disparate treatment occurred. Accordingly, the Complaint is vague and conclusory and subject to dismissal for failure to state a claim against these state officials. *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984) (vague and conclusory allegations of unconstitutional conduct by a governmental defendant do not state a claim upon which relief can be granted because vague, conclusory allegations do not state a claim under 42 U.S.C. § 1983).

Wherefore, Defendants move the Court to dismiss the Plaintiff's Complaint in its entirety, or alternatively, to dismiss selectively those portions of the Plaintiff's Complaint that are barred by Federal Rule of Civil Procedure 12(b)(1) and (6), and to order the Plaintiff to re-plead the remaining claims with specificity.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL
BY:

s/Margaret L. Fleming (FLE 001)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152
TEL: 334-242-7300
FAX: 334-353-8440
E-Mail: mfleming@ago.state.al.us

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participating attorneys: Candis A. McGowan, Esquire, John D. Saxon, P.C., 2119 3rd Ave. North, Birmingham, Alabama 35203, and Nancy Elaine Perry, Esquire, Alabama Education Association, P.O. Box 4177, Montgomery, Alabama 36103-4177, and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-participating attorney: Gary E. Atchison, Esquire; Post Office Box 2002, Montgomery, Alabama 36102-002.

s/Margaret L. Fleming (FLE 001)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152
TEL: 334-242-7300
FAX: 334-353-8440
E-Mail: mfleming@ago.state.al.us