IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EILEEN D. OLIVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:06-cv-00048-MEFs |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Plaintiff hereby responds as follows to the Motion to Dismiss or for More Definite Statement, filed by the defendants H. Councill Trenholm State Technical College ("Trenholm"), the Alabama Department of Postsecondary Education ("Department"), Molina and Johnson.

At the outset, Plaintiff notes that Defendants do not even attempt to offer any reason why Count I, for gender discrimination under Title VII, should be dismissed. Nor do they explain any way in which they contend that the allegations of the Complaint should be made "more definite" as to Count I. The allegations of the Complaint, including without limitation paragraph 37, are already sufficiently definite as to Count I. Likewise, Defendants do not even attempt to offer any reason why the Title VII aspect of Count II, regarding race discrimination, should

be dismissed. Nor do they explain any way in which they contend that the allegations of the Complaint should be made "more definite" as to the Title VII aspect of Count II. The allegations of the Complaint, including without limitation paragraph 42, are already sufficiently definite as to the Title VII aspect of Count II.

In addition, Plaintiff responds to Defendants' numbered contentions as follows.

1. Defendants are correct that Trenholm State and the Department are not subject to suit under § 1983. Plaintiff is not suing them under § 1983. However, contrary to Defendants' contention, Molina and Johnson *are* subject to suit in their official capacity under § 1983 for prospective equitable relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 2312 n.10 (1989). Plaintiff seeks such relief against them under Counts II and IV.

2. Second, Defendants contend that Molina and Johnson in their official capacity are not subject to suit under state law for prospective relief. While this is true, it does not constitute a reason for dismissing any claim in the case. Only Count Four includes any partial reliance on state law, but even then Count Four also can stand on federal law grounds alone. It includes a pure federal Equal Protection claim, as well as a complaint about Defendants' failure to follow a federal consent decree and their own related policies. Quite obviously,

Defendants' contention about state law does not provide a basis for dismissing the Equal Protection aspect of Count Four. Nor would it justify dismissing the aspect of Count Four that has to do with the federal consent decree; a federal consent decree is not purely a creature of state law, and there is no Eleventh Amendment bar against enforcing a federal consent decree through equitable relief against state officials in their official capacity.

    3.   Defendants' third contention is that there is no Equal Protection component in the State Constitution. While Defendants cite *Ex parte Melof* as so holding, the fact is that *Melof* contained no holding to that effect by a majority of the Justices, and the existence of Equal Protection under the Alabama Constitution is still in dispute. *See Hutchins v. DCH Regional Med. Ctr.*, 770 So.2d 49, 59 (Ala. 2000) (noting, after *Melof*, that "The question whether §§ 1, 6, and 22 of Article I, Constitution of Alabama 1901, combine to guarantee the citizens of Alabama equal protection under the laws remains in dispute."). Plaintiff submits that there is such a component, as recognized for instance in *Marsh v. Green*, 782 So.2d 223, 236 & n.3 (Ala. 2000) (Cook, J., dissenting). That dispute does not need to be resolved at this time, because it would not advance the proceedings in this case one bit to wrestle with that issue at this time.

4. Fourth, Defendants contend that a damage award against Trenholm and the Department, under § 1983 or State law, would be barred by the Eleventh Amendment. This is correct, but does not in itself constitute any reason to dismiss any Count of the Complaint.

5. Defendants' contention number five, about the availability of punitive damages, is not a "motion to dismiss" argument, but instead an extremely premature argument about jury instructions.

6. Sixth, Defendants contend that Molina and Johnson cannot be sued in their official capacities under Section 1983, by virtue of the Eleventh Amendment. That is incorrect; they can be sued for prospective equitable relief, including instatement to the position to which Plaintiff is entitled. *See, e.g., Cross v. Ala Dep't of Mental Health*, 49 F.3d 1490, 1503 (Ala. 1995).

7-8. Defendants' contentions number seven and eight, about "respondeat superior" and negligence as the basis for § 1983 liability, are not proper motion-to-dismiss arguments in this case. Defendants do not contend that the Complaint's allegations against Molina and Johnson are exclusively based on a theory of "respondeat superior" – instead Defendants just seek a ruling about the law "to the extent that" Plaintiff *might* be relying on those theories. This argument affords no basis for dismissal.

9. Defendants do not contend in paragraph 9 that they are entitled to dismissal on the basis of qualified immunity; they say instead that the individual defendants "may be entitled to assert a defense of qualified immunity." Instead this paragraph seeks only a more definite statement. While Plaintiff does not agree with Defendants' argument in this paragraph, Plaintiff is not opposed to amending her Complaint to provide more details of the acts and omissions giving rise to the constitutional violations committed by Defendants as requested in their Motion. Should this Court conclude that the Defendants are correct in their requests for more specific information, Plaintiffs respectfully requests additional time to file an Amended Complaint in this matter pursuant to Rule 15(a) Fed.R.Civ.P. In addition, Plaintiff is not opposed to amending her Complaint to clearly reflect the positions set out in her response above and below, and to cure any perceived deficiencies.

10. In paragraph 10, Defendants seek a different form of pleading as to Count III regarding First Amendment rights. Plaintiff has made the decision not to pursue a First Amendment claim any further, and so Count III can be dismissed.

11. Finally, in paragraph 11, Defendants seek a more definite statement as to the Equal Protection claim. While Plaintiff does not agree with Defendants' argument in this paragraph, Plaintiff is not opposed to amending her Complaint to

provide more details of the acts and omissions, as it relates to race and sex discrimination and non-class based equal protection claims, giving rise to the constitutional violations committed by Defendants as requested in their Motion. Should this Court conclude that the Defendants are correct in their requests for more specific information, Plaintiffs respectfully requests additional time to file an Amended Complaint in this matter pursuant to Rule 15(a) Fed.R.Civ.P.

Based upon the above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss, or in the alternative allow Plaintiff to Amend her Complaint.

Respectfully submitted,

/s/ Candis A. McGowan
Candis A. McGowan (ASB-9358-036C)

OF COUNSEL:
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 324-0223
Facsimile:  (205) 323-1583
Email:      cmcgowan@saxonattorneys.com

/s/ Nancy E. Perry
Nancy E. Perry (ASB 3929-R76N)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone:  (334) 834-9790
Facsimile:  (334) 834-7034
Email:      nancyp@alaedu.org

6

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on the 21th day of April 2006, I served a copy of the above and foregoing upon the following attorneys by electronically filing the same with the CM/ECF system, which will send electronic notice of same to:

Troy King
Attorney General
Margaret L. Fleming
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

              <u>/s/ Candis A. McGowan</u>
              Of Counsel