IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EILEEN D. OLIVE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action Number |
| v. | * | |
| | * | 2:06-CV-48-MEF |
| H. COUNCILL TRENHOLM STATE | * | |
| TECHNICAL COLLEGE, *et al.*, | * | |
| | * | |
| Defendants. | * | |

DEFENDANTS' BRIEF IN REPLY
TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT (DOC. 14)

The Defendants H. Councill Trenholm State Technical College (Trenholm State), the Alabama Department of Postsecondary Education (ADPE), Anthony Molina, and Roy W. Johnson (hereinafter, collectively the "defendants"), by and through Troy King, Attorney General for the State of Alabama, submit the following brief in reply to Plaintiff's Response to Defendants' Motion to Dismiss or in the Alternative for More Definite Statement (doc. 14).

**I.**

**SUMMARY OF THE PLAINTIFF'S CLAIMS**

Plaintiff's complaint contains a narrative of facts (¶¶ 13-35) followed by four counts, each of which incorporates the factual narrative by reference. The plaintiff sues state agencies and state officials in both their official and individual capacities, in a series of counts, all of which reference the "defendants," generally. The four counts allege violations of federal statutory law, three federal constitutional provisions, a state constitutional provision, state

statutory law, state policy, and a consent decree approved by this Court in a separate civil case.

Count I alleges gender discrimination in violation of Title VII of the Civil Rights Act of 1964 against the "defendants." (*See* doc. 1 at ¶ 38, "In taking the above-described actions, defendants intentionally discriminated against plaintiff on the basis of her sex.") Count II asserts claims of race discrimination against the defendants in violation of 42 U.S. C. section 1983 and Title VII. (*See* doc. 1 at ¶ 43, "In taking the above-described actions, defendants intentionally discriminated against plaintiff on the basis of her race, Caucasian.") Count III asserts a first amendment violation against the defendants, via 42 U.S. C. section 1983, based on the identical facts. (*See* doc. 1 at ¶ 46.) Count IV asserts a "denial of equal protection and due process" against the defendants "under the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C. section 1983." (*See* doc. 1 at ¶ 40 and the caption immediately preceding ¶ 49.) Count IV also alleges violations of state law and policy, as well as a consent decree approved by this Court in another case.

## II.

## SUMMARY OF THE ARGUMENT

The defendants are State agencies and officials who are entitled to immunity from suit under both state and federal law from many of the claims apparently asserted against them by the plaintiff. To the extent that absolute immunity is not available to the defendants, qualified immunity may be available to them with respect to the plaintiff's claims. Moreover, to the extent that qualified immunity is available to the individual defendants, they are entitled to a stay of all other discovery pending resolution of their qualified immunity defenses. Because the plaintiff's complaint is an amalgamation of factual allegations and claims against the defendants, generally, however, without clear delineation or distinction, the defendants are not able to assert

2

appropriate defenses to the complaint, and they moved to dismiss the complaint.

Plaintiff's response to defendants' motion to dismiss is basically three-fold. First, she asserts that defendants have not successfully attacked every count of the complaint. (Doc. 14, at 1-2) That response misses the point. Defendants are not able to respond to the scatter-shot complaint, other than with a scatter-shot response. That they have thus far missed hitting some of the plaintiff's claims with their general barrage proves the point.

Plaintiff's second response is that many of the defenses grounds by the defendants are not " 'motion to dismiss' arguments." Doc. 14 at 4. Defendants respectfully disagree. Defendants arguments that the defendants are not "persons" for purposes of a 1983 action, that the individual defendants are not subject to suit under Title VII, and that this Court lacks subject matter jurisdiction to adjudicate violations of state law by the defendants, are appropriately asserted in a motion to dismiss.

As to the plaintiff's third response – that she "is not opposed to amending her Complaint to provide more details of the acts and omissions giving rise to the constitutional violations committed by Defendants," doc. 14 at 5-6 – defendants do not disagree. Defendants simply request this Court to dismiss those claims that it lacks subject matter jurisdiction to consider, directing the plaintiff to re-lead the balance of her claims with specificity, or alternatively, to dismiss the complaint in its entirety as improperly pleaded, requiring the plaintiff to begin again..

## III.

## ARGUMENT

A. **THIS COURT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER THE PLAINTIFF'S STATE-LAW CLAIMS.**

This court lacks subject matter jurisdiction over the state-law claims asserted against the Defendants in Count IV of the Plaintiff's complaint. The Plaintiff's claims are barred by state sovereign immunity and the Eleventh Amendment to the Constitution of the United States.

Plaintiff's state-law claims against Trenholm State and ADPE should be dismissed pursuant to 12(b)(1) because they are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. While the present case involves a suit brought by a citizen against an agency of her own state, the Supreme

> Court has long " 'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition . . . which it confirms.' " *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)).
>
> Accordingly, for over a century now, [the Supreme Court] ha[s] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States. *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. ---, ---, 119 S. Ct. 2219, 2223 (1999); *Seminole Tribe*, *supra*, at 54; see *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

*Kimel v. Florida Bd. of Regents*, 120 S. Ct. 631, 640 (2000) (parallel citations omitted), *aff"g* 139 F.3d 1426 (11th Cir. 1998). Thus, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees of the Dep't of Pub. Health & Welfare v. Department of Pub. Health & Welfare*, 411 U.S. 279, 280

4

(1973).

The Supreme Court has held: "It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies ***regardless of the nature of the relief sought***." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted) (emphasis added). The Eleventh Circuit recognizes that state colleges and universities are "agencies or instrumentalities" of the State and are immune from suit in federal court, by virtue of the Eleventh Amendment. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). *Harden v. Adams*, 760 F.2d 1158, 1163-64 (11th Cir.1985) (holding that Eleventh Amendment bars suit against Troy State University because it is an agency and instrumentality of the state under Alabama law) (citing *Massler v. Troy State Univ.*, 343 So.2d 1 (Ala.1977); *Ellison v. Abbott*, 337 So.2d 756 (Ala.1976)). Trenholm State and ADPE, as state agencies, are entitled to immunity under the Eleventh Amendment unless Plaintiff clearly demonstrates that they have consented to suit.

The State of Alabama has not consented to this or any suit against Trenholm State and ADPE. Article I, § 14, of the Constitution of Alabama provides: "That the State of Alabama shall never be made a defendant in any court of law or equity." *See also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (quoting § 14 and noting that "it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution").

The State of Alabama and its agencies are also entitled to absolute sovereign immunity for suits under state law, pursuant to Section 14. *Nance by and through Nance v. Matthews*, 622 So.2d 297, 300 (Ala.1993). *Alabama State Docks v. Saxon*, 631 So. 2d 943 (Ala. 1994). *Stark v. Troy State University*, 514 So. 2d 46 (Ala. 1987). *Sarradett v. University of South Alabama*

5

*Medical Center*, 484 So. 2d 426 (Ala. 1986). *Rutledge v. Baldwin County Commission*, 495 So. 2d 49 (Ala. 1986). *Taylor v. Troy State Univ.*, 437 So. 2d 472 (Ala. 1983). *Sanders Lead Co. v. Levine*, 370 F. Supp. 1115 (M.D. Ala. 1973). *Hutchinson v. Board of Trustees of Univ. of Ala.*, 288 Ala. 20, 256 So. 2d 281 (1971). *Holmes v. State*, 100 Ala. 80, 14 So. 864 (1894). Section 14 bars suits under state law brought in federal as well as state courts. *See, e.g., Godby v. Montgomery County Bd. of Education*, 996 F. Supp. 1390, 1414 (M.D. Ala. 1998). Thus, WCCS, as a state agency, is entitled to absolute sovereign immunity.

In Count IV, Plaintiff seeks to compel the Defendants to conform their practices to state law or policies. The United States Supreme Court has held that this court is powerless to enter such an injunction, however. In *Pennhurst*, the Supreme Court held that, under the Eleventh Amendment, federal courts lack the power to order state officials to obey *state* law:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* [*v. Jordan*, 415 U.S. 651 (1974)] are inapplicable in a suit against state officials on the basis of state law.
> . . .
> The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when-as here-the relief sought and ordered has an impact directly on the State itself.

465 U.S. at 106, 117. Under *Pennhurst*, this Court lacks the authority to compel the Defendants to conform their practices to state law.

### B.  THE PLAINTIFF'S TITLE VII CLAIMS ARE DUE TO BE DISMISSED.

Individual capacity suits are not appropriate under Title VII, because the relief granted is

6

"against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (citing 42 U.S.C. sections 2000e(b), 2000e-2, and 2000e-5(g)). Those claims should be dismissed.

Plaintiff's claims against the individual Defendants in their official capacities are due to be dismissed, as well. A plaintiff institutes a Title VII action against a governmental entity either directly, by naming the employing agency, or indirectly, by naming supervisory employees. *Busby v. City of Orlando*, 931 F.2d at 772. In either case, the action is one against the "employer," not the individually named defendants. *Id.*

In this case, the plaintiff has already sued her employer, Trenholm State, for violations of Title VII. Her claims against the other defendants in their official capacities are, therefore, redundant and should be dismissed.

### C. THE PLAINTIFF'S SECTION 1983 CLAIMS ARE DUE TO BE DISMISSED.

As this Court recognized in *Smith v. State of Alabama*, 996 F. Supp. 1203, 1210 (M.D. Ala. 1998), the Eleventh Amendment prohibits section 1983 claims against agencies of the State of Alabama, as well as official capacity claims brought against officers and employees of the State of Alabama. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) ("[A] suit in which the State or one if its agencies or departments is named as defendant is proscribed by the Eleventh Amendment. . . . This jurisdictional bar applies regardless of the nature of the relief sought."); and *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[T]he Eleventh Amendment bars a damages action against a State in federal court. . . . This bar remains in effect when State officials are sued for damages in their official capacity.").

Defendants Molina and Johnson are sued in their official capacities. (Doc. 1, ¶¶ 11-12)

Claims for relief against ADPE and Trenholm State and against Molina and Johnson in their official capacities, under section 1983 are due to be dismissed.  *See Blalock v. Dale County Bd. of Educ.*, 33 F. Supp. 2d 1291, 1314 (M.D. Ala. 1999).

Furthermore, neither the ADPE, nor Trenholm State, nor the individual defendants in their official capacities are "person[s]" for the purposes of an action under section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, summary judgment should be entered in favor of the ADPE, Trenholm State and the individual defendants in their official capacities as to the Plaintiff's claims under section 1983.

**D.   THE SCATTER-SHOT ALLEGATIONS OF THE PLAINTIFF'S COMPLAINT ARE INSUFFICIENT TO PLACE THE DEFENDANTS ON NOTICE AS TO PLAINTIFF'S CLAIMS.**

Defendants Molina and Johnson are being sued for alleged constitutional violations under 42 U.S.C. section 1983.  Defendants Molina and Johnson are state officials (doc. 1 at ¶¶ 10 and 12) who may be entitled to assert a defense of qualified immunity to the Plaintiff's specific claims against them.  Such Defendants are entitled to specific and clear notice as to what acts or omissions they allegedly committed and a clear legal basis for their alleged liability to the Plaintiff.  *See N.A. ex rel Ainsworth v. Inabinett*, 2006 WL 297222, n.1 (M.D. Ala. February 7, 2006) *(citing GJR Investments, Inc. v County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998) as requiring a heightened pleading standard where defendants are entitled to plead qualified immunity in response to a suit alleging constitutional violations under 42 U.S.C. § 1983).

For example, the Plaintiff is seeking to sue Defendants Johnson and Molina in their individual capacities for damages for violation of her constitutional right to equal protection (Count IV).  The complaint does not state with specificity, however, what act or omission that

8

these defendants allegedly did or did not do that would provide them with notice of how their conduct allegedly violated the Plaintiff's right to equal protection. Moreover, the complaint fails to disclose the identity of an appropriate comparator and fails to allege when any disparate treatment occurred.

Instead, the allegations of the Plaintiffs complaint are broad and conclusory. *See, e.g.,* doc. 1 at ¶ 51 (defendants failed or refused "to treat the plaintiff in a manner similar to other employees similarly situated); at ¶ 48 (alleging that "plaintiff has been deprived of her freedom of speech and association"); at ¶ 47 (alleging retaliation for Plaintiff's "exercise or her rights to free speech and association as described above," when no exercise was in fact "described above"); and at ¶ 37 C. (alleging that "throughout her employment" Plaintiff was subjected to disparate treatment in the "terms and conditions of her employment" because of her gender). The broad and conclusory nature of the Plaintiff's allegations not only limits the Defendants' ability to frame an accurate response, but it also undermines their ability to assert appropriate defenses, including qualified immunity.

Count III of the Complaint "re-alleges" all of the previous factual averments of the complaint (Complaint at ¶ 46), irrespective as to whether those allegations correlate with particular Defendants or claims against particular Defendants. Moreover, the next paragraph asserts a claim of retaliation because of Plaintiff's "exercise of her rights to free speech and free association as described above," but fails to identify which of the allegations in the preceding 46 paragraphs constitutes the purported "exercise" of Plaintiff's rights to free speech and free association.

The cause of action stated in Count III is an amalgamation of allegations that prevent Defendants from making a coherent responsive pleading. As the Court noted in *Walker v. Fla. State Univ. Sch.*, 2004 WL 3135466 (N.D. Fla. 2004),

> With regard to the set of general allegations incorporated by reference into all counts of the complaint, the practice is disfavored. *Johnson Enterprises of Jacksonville v. FPL Goup, Inc.*, 162 F.3fd 1290, 1332-33 (11th Cir. 1998). Although the Court recognizes that there is some factual overlap among Plaintiff's various claims, not all of the allegations are pertinent to all claims and more care should be taken to incorporate only those allegations that are pertinent to each claim. *Id*.

Therefore, the Complaint should either be dismissed or the Plaintiff directed to re-plead her causes of action so that each claim contains only those allegations that are pertinent to that claim (so the Defendants may respond accordingly).

Accordingly, the complaint is subject to dismissal for failure to state a claim against these state officials. *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984) (vague and conclusory allegations of unconstitutional conduct by a governmental defendant do not state a claim upon which relief can be granted because vague, conclusory allegations do not state a claim under 42 U.S.C. section 1983). Defendants move the Court to dismiss the Plaintiff's Complaint in its entirety, or alternatively, to dismiss selectively those portions of the Plaintiff's Complaint that are barred by Federal Rule of Civil Procedure 12(b)(1) and (6), and to order the Plaintiff to re-plead the remaining claims with specificity.

## IV.

## CONCLUSION

For the foregoing reasons, defendants move the Court to dismiss the plaintiff's complaint in its entirety, or alternatively, to dismiss selectively those portions of the plaintiff's complaint

that are barred by Federal Rule of Civil Procedure 12(b)(1) and (6), and to order the plaintiff to re-plead the remaining claims with specificity.

    Respectfully submitted,

    TROY KING
    ATTORNEY GENERAL

    s/Margaret L. Fleming (FLE 001)
    Assistant Attorney General
    Office of the Attorney General
    11 S. Union Street
    Montgomery, AL 36130-0152
    TEL: 334-242-7300
    FAX: 334-353-8440
    E-Mail: mfleming@ago.state.al.us

    ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of May, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participating attorneys: Candis A. McGowan, Esquire, John D. Saxon, P.C., 2119 3rd Ave. North, Birmingham, Alabama 35203, and Nancy Elaine Perry, Esquire, Alabama Education Association, P.O. Box 4177, Montgomery, Alabama 36103-4177, and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-participating attorney: Gary E. Atchison, Esquire; Post Office Box 2002, Montgomery, Alabama 36102-002.

                                              s/Margaret L. Fleming (FLE 001)
                                              Assistant Attorney General
                                              Office of the Attorney General
                                              11 S. Union Street
                                              Montgomery, AL 36130-0152
                                              TEL: 334-242-7300
                                              FAX: 334-353-8440
                                              E-Mail: mfleming@ago.state.al.us