IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EILEEN D. OLIVE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.: 2:06-cv-48-MEF |
| | ) |
| **H. COUNCILL TRENHOLM STATE** | )   **DEMAND FOR JURY TRIAL** |
| **TECHNICAL COLLEGE,** | ) |
| **ANTHONY MOLINA, individually and** | ) |
| **in his official capacity as President, H.** | ) |
| **Councill Trenholm State Technical** | ) |
| **College, and ROY W. JOHNSON,** | ) |
| **individually and in his official capacity** | ) |
| **as Chancellor of the Alabama** | ) |
| **Department of Postsecondary Education,** | ) |
| | ) |
|     **Defendants.** | ) |

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

    1.    Plaintiff, a current employee of H. Councill Trenholm State Technical College, seeks declaratory and injunctive relief, compensatory damages, and backpay from defendants arising from defendants' violation of the rights guaranteed to plaintiff under the Fourteenth Amendment to the United States Constitution, the Civil Rights Act, 42 U.S.C. § § 1981, 1983, and 1985(3), the Equal Protection Clause, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, amended by the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

    2.    Plaintiff brings this action pursuant to the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § § 1981 and 1983, and Title VII of the Civil Rights Act of

1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343, and 42 U.S.C. 2000e, et. seq.

4. This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), Fed. R. Civ. P. Rule 57, and 42 U.S.C. § § 1983 and 1985(3).

## PARTIES

6. Plaintiff is a female Caucasian citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division.

7. Defendant H. Councill Trenholm State Technical College (hereinafter "Trenholm Tech") is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

8. Defendant Trenholm Tech is doing business within this District and Division.

9. Plaintiff is an employee of the defendant Trenholm Tech within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

10. Defendant Anthony Molina is an adult African-American citizen of the United States and the State of Alabama, and he resides in Montgomery County. Defendant Molina is the President of H. Councill Trenholm State Technical College and is the individual responsible for daily operation of defendant Trenholm Tech. Defendant Molina is being sued individually and in his official capacity as President (for prospective equitable relief) for all claims of plaintiff, except her Title VII claims.

11.	Defendant Roy W. Johnson is an adult Caucasian citizen of the United States and the State of Alabama, and he resides in Lee County. At all relevant times, defendant Johnson was the Chancellor of the Alabama Department of Postsecondary Education[1] and was the individual responsible for daily operation of the Alabama Department of Postsecondary Education. Defendant Johnson is being sued individually and in his official capacity as Chancellor (for prospective equitable relief) for all claims of plaintiff, except her Title VII claims.

## FACTS

12.	On or about February of 1996, plaintiff was hired by defendant Trenholm Tech in the job position as leader of the JOBS Adult Education Program.

13.	In or about 2001, defendant Trenholm Tech officially classified plaintiff's job position as Supervisor and Program Coordinator of the Adult Education Program. Plaintiff is responsible for running this program.

14.	Throughout her employment with defendant Trenholm Tech, plaintiff has been given positive employment evaluations, letters of commendation, and verbally told that she was doing an excellent job.

15.	Plaintiff has over 23 years of educational experience, with over 15 years of experience in Adult Education. Plaintiff holds a Masters degree in Educational Administration.

16.	In or about July of 2004, plaintiff learned that Trenholm Tech was advertising the position of Director of Adult Education that was left vacant by the retirement of the previous Director.

---

[1] Although Rule 25(d) Federal Rules of Civil Procedure, contemplates automatic substitution of parties, the Plaintiff anticipates filing a motion for substitution to name in the current Chancellor of Postsecondary Education.

17. Since she was highly qualified for the position and had been running the program since 2001, plaintiff applied for the vacant job position of Director of Adult Education.

18. On or about August 12, 2004, plaintiff was informed by a letter that she was not selected by defendant Molina for the position of Director of Adult Education. Defendant Trenholm Tech hired a less qualified African-American male for the job position. This African-American male did not possess the experience and qualifications that plaintiff had for the job position.

19. After plaintiff was discriminatorily denied promotion to the position of Director of Adult Education, her job title was changed from Supervisor and Program Coordinator of Adult Education to the lesser title of "Lead Teacher" and job duties were removed from her.

20. Throughout her employment with defendant Trenholm Tech, plaintiff has been treated differently in the terms and conditions of her employment than similarly situated male and African-American employees. Plaintiff has been held to a higher standard of performance than similarly situated male and African-American employees on a continual basis.

21. Upon information and belief, defendants have a history of discriminating against employees based upon their gender and race.

22. The Alabama Department of Postsecondary Education (hereinafter "Postsecondary Education (hereinafter "Postsecondary Education") is the entity that oversees the operation of the state's two-year colleges and other educational institutions, including defendant Trenholm Tech. At all relevant times, defendant Johnson was the Chancellor of Postsecondary Education and was the individual responsible for the daily operation of Postsecondary Education.

23. At all relevant times, Postsecondary Education and defendant Trenholm Tech were subject to the terms and conditions of a Consent Decree regarding the terms and conditions of the

hiring process for employees, promoting employees, and the re-organization of departments and employees' positions. See Shuford, et al. v. Alabama State Board of Education, et al., in the United States District Court for the Middle District of Alabama, Northern Division, Civil Action No. 89-T-196-N. This Consent Decree is referred to as the *Shuford/Johnson/Kennedy* Decree. Defendant Trenholm Tech had adopted policies and procedures consistent with the provisions of the *Shuford/Johnson/Kennedy* Decree.

24. When plaintiff was denied the promotion for which she applied, several complaints were made on her behalf pursuant to the *Shuford/Johnson/Kennedy* Decree to all defendants, Postsecondary Education, and the Alabama State Department of Education. Plaintiff complained that the policies in the *Shuford/Johnson/Kennedy* Decree and the policies of Trenholm Tech were not being followed in the search process and the denial of the promotion to her.

25. No actions were taken to correct the discriminatory actions of defendant Trenholm Tech and defendant Molina in failing to comply with the terms and provisions of the *Shuford/Johnson/Kennedy* Decree with regard to the employment actions involving plaintiff.

26. The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Trenholm Tech is vested by state law in defendant Molina subject to approval by Alabama Department of Postsecondary Education. Defendant Molina was granted authority by the Chancellor of Postsecondary Education and the State Board of Education to hire, fire, and promote and make work assignment of employees of Trenholm Tech.

27. Defendant Molina made the decisions to deny plaintiff the promotion and to take away her job title and job responsibility. Defendant Molina discriminated against plaintiff due to

her gender, race and for voicing concerns about discrimination in the hiring process.

28. Defendant Molina acted outside of his jurisdiction and without authorization of law. Defendant Molina acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

29. Plaintiff's exercise of her rights to complain about discrimination and the illegal hiring process was a significant motivating factor in defendants' denial of the job promotion to plaintiff and the removal of her job title and job responsibilities. In addition, plaintiff's gender and race were also significant motivating factors in defendants' decisions to deny her the job promotion and to take away her job title.

30. The unlawful denial of promotion to plaintiff and the taking away of her job title were an exercise of final policy making authority by Molina, and these decisions were not subject to further meaningful review under state law as well as relevant custom having the force of law.

31. Defendant Trenholm Tech denied plaintiff the promotion and took away her job title and responsibilities based upon the decision of Defendant Molina in his position as President. Defendant Molina's actions were arbitrary and capricious. Defendant Trenholm Tech ratified defendant Molina's actions by not taking steps to stop and/or correct the same.

32. The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Postsecondary Education is vested by state law in defendant Johnson subject to approval by Alabama State Board of Education. Defendant Johnson failed to take actions to insure that the policies and procedures of the *Shuford/Johnson/Kennedy* Decree were being followed in the employment actions regarding plaintiff. Defendant Johnson acted in an arbitrary and capricious manner.

33. Defendants Molina and Johnson acted outside of their jurisdiction and without authorization of law. Defendants Molina and Johnson acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

34. Upon information and believe, defendants Molina and Johnson acted in concert with each other in these illegal employment decisions towards plaintiff in violation of 42 U.S.C. § 1983 and 1985(3).

35. In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause, 42 U.S.C. § 1983 and 1985(3), and the laws of the State of Alabama.

36. As a result of defendants' denial of the promotion to plaintiff and removal of her job duties and responsibilities as described above in retaliation for plaintiff's exercise of her rights to complain about discrimination, and due to her race and gender, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

## COUNT I

## GENDER DISCRIMINATION - TITLE VII

37. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

38. Plaintiff has been intentionally discriminated against on the basis of her gender, female, by defendant Trenholm Tech in violation of Title VII based on the following:

A. On or about August 12, 2004, plaintiff was denied a promotion to the position of Director of Adult Education due to her gender, female. Plaintiff was well qualified for the position

of Director of Adult Education, but a male with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

  B. After plaintiff was discriminatorily denied the job position of Director of Adult Education, her job title was changed from Supervisor and Program Coordinator of Adult Education to the title of "Lead Teacher", and some of her job duties were removed from her due to her gender, female. This discrimination against plaintiff due to her gender is ongoing and continuing in nature. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

  C. Throughout her employment, plaintiff has been discriminated against and treated differently in the terms and conditions of her employment because of her gender, female. Plaintiff has been held to a higher standard of performance than similarly situated male employees. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

  D. Defendant Trenholm Tech has a history of discriminating against female employees in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

  39. In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of her sex. Males were not treated in a similar fashion. The actions of defendant Trenholm Tech were taken with malice and reckless indifference to the federally protected rights of plaintiff.

  40. As a proximate result of defendant's conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

41. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

   A. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendant Trenholm Tech on or about February 4, 2005, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

   B. On or about October 17, 2005, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on her EEOC charge. Said charge was received by plaintiff on or about October 21, 2005.

   C. This complaint has been filed within 90 days of receipt of the notification of right to sue on her EEOC charge.

## COUNT II

## 42 U.S.C. § 1983 and TITLE VII-RACE DISCRIMINATION

42. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

43. Plaintiff has been intentionally discriminated against on the basis of her race, Caucasian, by defendant Trenholm Tech in violation of Title VII and 42 U.S.C. § 1983 based upon the following:

   A. On or about August 12, 2004, plaintiff was denied a promotion to the position of Director of Adult Education due to her race, Caucasian. Plaintiff was well qualified for the position of Director of Adult Education, but an African-American male with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

      B.      After plaintiff was discriminatorily denied the job position of Director of Adult Education, her job title was changed from Supervisor and Program Coordinator of Adult Education to the title of "Lead Teacher", and some of her job duties were removed from her due to her race, Caucasian. This discrimination against plaintiff due to her race is ongoing and continuing in nature. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

      C.      Throughout her employment, plaintiff has been discriminated against and treated differently in the terms and conditions of her employment because of her race, Caucasian. Plaintiff has been held to a higher standard of performance than similarly situated African-American employees. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

      D.      Defendant Trenholm Tech has a history of discriminating against Caucasian employees in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

      44.      In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of her race, Caucasian. African-American employees were not treated in a similar fashion. The actions of defendant Trenholm Tech were taken with malice and reckless indifference to the federally protected rights of plaintiff.

      45.      As a proximate result of defendant Trenholm Tech's conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

      46.      Plaintiff has satisfied all administrative prerequisites to bringing this claim.

      A.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ( "EEOC") against defendant on Trenholm Tech or about February 4, 2005, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

      B.     On or about October 17, 2005, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on her EEOC charge. Said charge was received by plaintiff on or about October 21, 2005.

      C.     This complaint has been filed within 90 days of receipt of the notification of right to sue on her EEOC charge.

## COUNT III

### 42 U.S.C. §§ 1983 and 1985(3)

47.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

48.    Defendants Molina and Johnson have denied plaintiff a job promotion and removed her job title and duties in retaliation for her legitimate exercise of her rights to complain about gender and race discrimination in the hiring process, which was in violation of the *Shuford/Johnson/Kennedy* Decree as described above.

49.    Defendant Molina denied plaintiff a job promotion and removed her job title and responsibilities due to her gender and race and in retaliation for complaining about the illegal hiring process. Defendant Molina was aware of the policies and provisions regarding the hiring process pursuant to defendant Trenholm Tech's policies and the *Shuford/Johnson/Kennedy* Decree.

50.    Defendant Molina is the final policy maker of Trenholm Tech and is responsible for

11

the day-to day operation of the institution. As such, Defendant Molina is responsible in his official capacity under § 1983 for prospective equitable relief, as well as being liable in his individual capacity.

52. Defendant Molina made the decision to deny plaintiff the promotion and to remove her job title and responsibilities. Defendant Molina discriminated against plaintiff due to her gender and race and for complaining about illegal and discriminatory employment practices.

52. Defendant Molina, in his individual capacity, intentionally, under the color of law, in violation of 42 U.S.C. § 1983, deprived plaintiff of clearly established statutory and/or constitutional rights under the Fourteenth Amendment of the United States Constitution by subjecting her to discriminatory employment practices based upon her gender and race when he denied her a promotion and took away her job title and responsibilities.

53. Defendant Molina, under the color of law, intentionally violated clearly established statutory and/or constitutional rights of plaintiff by subjecting her to unlawful employment practices based upon her gender and race. Defendant Molina also failed to perform his ministerial duties with regards to the policies and procedures of Trenholm Tech and the *Shuford/Johnson/Kennedy* Decree.

54. Defendant Molina acted outside of his jurisdiction and without authorization of law. Defendant Molina acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

55. Plaintiff's exercise of her rights to complain about the illegal and discriminatory hiring practice was a significant motivating factor in defendant Molina's denial of the job promotion to plaintiff and the removal of her job title and responsibilities. In addition, plaintiff's gender and race were also a significant motivating factors in defendant Molina's decisions to deny to her the job

promotion and to take away her job title and responsibilities.

56. Defendant Molina's action herein complained of is an official custom or policy of Defendant Trenholm Tech.

57. Defendant Johnson acted with Defendant Molina to deny plaintiff a job promotion and to remove her job title and responsibilities due to her gender and race and in retaliation for complaining about the illegal hiring process. Defendant Johnson was aware of the policies and provisions regarding the hiring process pursuant to defendant Trenholm Tech's policies and the *Shuford/Johnson/Kennedy* Decree.

58. Defendant Johnson is the final policy maker of Postsecondary Education and is responsible for the day-to day operation of the institution. As such, Defendant Johnson is responsible in his official capacity under § 1983 for prospective equitable relief, as well as being liable in his individual capacity.

59. Defendant Johnson made the decision to allow Defendant Molina to deny plaintiff the promotion and to remove her job title and responsibilities, and to not comply with the policies of the *Shuford/Johnson/Kennedy* Decree. Defendant Molina discriminated against plaintiff due to her gender and race and for complaining about illegal and discriminatory employment practices.

60. Defendant Johnson, in his individual capacity, intentionally, under the color of law, in violation of 42 U.S.C. § 1983, deprived plaintiff of clearly established statutory and/or constitutional rights under the Fourteenth Amendment of the United States Constitution by subjecting her to discriminatory employment practices based upon her gender and race when he allowed her to be denied a promotion and to have her job title and responsibilities taken from her.

61. Defendant Johnson, under the color of law, intentionally violated clearly established

statutory and/or constitutional rights of plaintiff by subjecting her to unlawful employment practices based upon her gender and race. Defendant Johnson also failed to perform his ministerial duties with regards to the policies and procedures of Trenholm Tech and the *Shuford/Johnson/Kennedy* Decree.

62. Defendant Johnson acted outside of his jurisdiction and without authorization of law. Defendant Johnson acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

63. Defendants Molina and Johnson have a ministerial duty to abide by the laws of the state of Alabama, including a ministerial duty to follow the policies and procedures of the *Shuford/Johnson/Kennedy* Decree. The defendants' failures to follow the policies and procedures of the *Shuford/Johnson/Kennedy* Decree are violations of their ministerial duties. Defendants Molina and Johnson also acted in an arbitrary and capricious manner.

64. Plaintiff's exercise of her rights to complain about the illegal and discriminatory hiring practice was a significant motivating factor in defendant Johnson's actions to allow defendant Molina to deny the job promotion to plaintiff and to remove her job title and responsibilities. In addition, plaintiff's gender and race were also a significant motivating factors in defendant Johnson's decision to allow Molina's decisions to deny to her the job promotion and to take away her job title and responsibilities.

65. Defendant Johnson's action herein complained of is an official custom or policy of Postsecondary Education.

66. Upon information and believe, defendants Molina and Johnson acted in concert with each other in these illegal employment decisions towards plaintiff in violation of 42 U.S.C. § 1983 and 1985(3).

67. In their actions toward plaintiff as described above, defendants Molina and Johnson acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, 42 U.S.C. §§ 1983 and 1985(3), and the laws of the State of Alabama.

68. As a result of actions of defendant Molina and Johnson to deny plaintiff the promotion and to take away her job title and responsibilities as described above in retaliation for plaintiff's exercise of her right to complain of discriminatory employment actions and due to her gender and race, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

69. Defendants' actions against plaintiff constitutes a denial of equal protection under the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C. § 1983.

70. The failure or refusal of the defendants Molina and Johnson to treat the plaintiff in a manner similar to other employees similarly situated is a denial of plaintiff's rights to equal protection under the law in that the defendants have created separate classes of persons with no rational basis for distinction. The plaintiff followed the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech in her application for vacant positions at Trenholm Tech. By refusing to follow the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech with regards to the employment decisions involving plaintiff, defendants Molina and Johnson are arbitrarily drawing classes of persons for employment opportunities who have the same credentials and responsibilities. Such distinctions are arbitrary and capricious and have no rational relationship to any legitimate governmental purpose. Therefore, these actions are violative of the equal protection clauses of the Federal and State Constitutions; and defendants'

policies violate the equal protection clauses of the Federal and State Constitutions because they are creating two classes of persons without a rational basis for distinction.

71. Defendants' actions against the plaintiff constitute a violation of adopted policies and a Court approved Consent Decree. Such actions taken by defendants Johnson and Molina in illegally depriving plaintiff of employment opportunities, salary and other benefits are contrary to law and without jurisdiction or authority under any provision of state or federal law.

72. As a result of the defendants' actions as more fully set out hereinabove, plaintiff has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

73. Through the above described actions of defendants Molina and Johnson, plaintiff has been deprived of her rights pursuant to the Fourteenth Amendment of the United States Constitution, the Equal Protection Clause, and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3), and has been damaged as set out above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant the following relief:

(a) Grant plaintiff a declaratory judgment that the practices complained of herein are violative of the rights secured under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause, 42 U.S.C. §§ 1981, 1983 and 1985(3) and Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto;

(b) Grant plaintiff an order enjoining defendants and all persons acting in concert

with defendants from engaging in discriminatory and retaliatory employment practices on the basis of gender and race;

   (c) Grant plaintiff placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

   (d) Grant plaintiff the appropriate amount of backpay, damages, a pay raise with backpay in the amount she would earned but for the unlawful and discriminatory practices of defendant, and re-instatement, or in the alternative, frontpay;

   (e) Grant plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

   (f) Award plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

   (g) Award such other legal and equitable relief as may be appropriate.

            Respectfully submitted,

            /s/ Candis A. McGowan
            Candis A. McGowan (ASB-9358-036C)

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 324-0223
Facsimile: (205) 323-1583
Email:  cmcgowan@saxonattorneys.com

/s/ Nancy E. Perry
Nancy E. Perry (ASB 3929-R76N)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone:   (334) 834-9790
Facsimile:   (334) 834-7034
Email:   nancyp@alaedu.org

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

/s/ Candis A. McGowan
**COUNSEL FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2006, I served a copy of the above and foregoing upon the following attorneys by electronically filing the same with the CM/ECF system, which will send electronic notice of same to:

Troy King
Attorney General
Margaret L. Fleming
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

/s/ Candis A. McGowan
Of Counsel