**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EILEEN OLIVE,**      ) | |
|      ) | |
|      **Plaintiff,**      ) | |
|      ) | |
| **v.**      ) | **Civil Action Number** |
|      ) | |
| **H. COUNCILL TRENHOLM STATE**      ) | **2:06-CV-48-MEF** |
| **TECHNICAL COLLEGE; ANTHONY**      ) | |
| **MOLINA, individually and in his official** ) | |
| **capacity as President, H. Councill**      ) | |
| **Trenholm State Technical College, and**      ) | |
| **ROY W. JOHNSON, individually and**      ) | |
| **in his official capacity as Chancellor of**      ) | |
| **the Alabama Department of**      ) | |
| **Postsecondary Education,**      ) | |
|      ) | |
|      **Defendants.**      ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

**COME NOW** the Defendants, by and through their undersigned counsel, and for answer[1] to the Amended Complaint filed herein by the Plaintiff say as follows:

1.    Paragraph number one of the Amended Complaint contains a "preliminary statement" which requires no substantive response from these Defendants.  To the extent that a response may be deemed necessary, the Defendants admit that the Plaintiff is seeking relief under the stated statutes but deny that the Plaintiff is entitled to such relief. The Defendants further deny violating either the law or the Plaintiff's rights.

## JURISDICTION AND VENUE

2.    The Defendants admit the allegation contained in paragraph number two of the Amended Complaint but deny that they have taken any action or failed to take any action which justifies or requires this Court to take jurisdiction in this matter.

---

[1] The paragraphs of this Answer are numbered to correspond to those in the Amended Complaint.

3.    The Defendants admit the allegation contained in paragraph number 3 of the Amended Complaint but deny that they have taken any action or failed to take any action which justifies or requires this Court to take jurisdiction in this matter.

4.    The Defendants admit that venue is proper in this district and in this division but deny committing any "unlawful employment practice".

5.    The Defendants admit that the statutory sections cited in paragraph number 5 of the Amended Complaint authorize certain claims.  However, the Defendants deny that the Plaintiff's claims in this case are valid.

## PARTIES

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    The Defendants admit the allegations contained in paragraph number 10 of the Amended Complaint except that they deny that Defendant Anthony Molina has taken any action or failed to take any action which justifies his being sued individually and/or in his official capacity as President.

11.    The Defendants admit the allegations of paragraph number 11 of the Amended Complaint except that they deny that Defendant Roy Johnson took any action or failed to take any action which would justify his being sued individually and/or in his official capacity as Chancellor.  The Defendants further aver that Defendant Johnson is no longer the Chancellor of the Alabama Department of Post-Secondary Education.

## FACTS

12.     Admitted.

13.     The Defendants admit that in 2001 the Plaintiff's job position was classified as Supervisor and Program Coordinator of the Adult Education Program. However, the Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the averment that the "Plaintiff is responsible for running this program". Therefore, this particular allegation contained in paragraph number 13 of the Amended Complaint is denied.

14.     Admitted.

15.     Admitted.

16.     The Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the averment as to when the Plaintiff learned of the vacant position of Director of Adult Education and therefore deny the same.

17.     The Defendants admit that the Plaintiff applied for the vacant job position of Director of Adult Education. The Defendants are without sufficient knowledge or information upon which to form a belief as to whether the Plaintiff was "highly qualified for the position and had been running the program since 2001". Therefore these allegations are denied.

18.     The Defendants admit that the Plaintiff was informed by letter that she was not selected for the position of Director of Adult Education. The remaining allegations of paragraph number 18 of the Amended Complaint are denied.

19.     Denied.

20.     Denied.

21.    The Defendants have been governed by the *Shuford/Johnson/Kennedy* Decree for a number of years.  However, all policies and procedures required to be followed by that Decree were in fact followed in this particular case.

22.    Admitted.

23.    The Defendants admit that they were governed by the terms and conditions of the Consent Decree in the *Shuford/Johnson/Kennedy* Decree.  They further admit that Trenholm Tech adopted policies and procedures consistent with the provisions of that Decree.  The Defendants aver on information and belief that the "race decree" expired on or about March 15, 2001.  The Defendants allege on information and belief that the "gender decree" expired on December 31, 2005.  Regardless, Defendants allege that they complied with the terms and conditions of the Consent Decree and that they followed the policies and procedures which had been adopted consistent with the provisions of that Decree.

24.    The Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph number 24 of the Amended Complaint and therefore deny the same.

25.    The Defendants admit that no actions were taken to correct the actions of Defendant Trenholm Tech and Defendant Molina in this case because the actions were not discriminatory and were in compliance with the terms and provisions of the *Shuford/Johnson/Kennedy* Decree with regard to the employment actions involving the Plaintiff.

26.    Admitted.

27.    The Defendants admit that Defendant Molina made the decision to hire an African-American male as Director of Adult Education after receiving three names from the committee which reviewed the applications and interviewed the applicants.    The Plaintiff was not one of those three.    All other allegations of paragraph 27 are denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    The Defendants admit that the decision as to the hiring of the Director of Adult Education at Trenholm Tech was made by Defendant Molina in his position as President of Trenholm Tech.    The Defendants deny that the decision by Defendant Molina was in any way discriminatory and further deny that the Plaintiff's job title and responsibilities were taken away from her.    Furthermore, the Defendants deny that Defendant Molina's actions were arbitrary and/or capricious.    Finally, the Defendants admit that Trenholm Tech ratified Defendants' actions but deny that there were any reasons to stop and/or correct the same.

32.    The Defendants admit that the Chancellor of Post-Secondary Education has the authority and responsibility as alleged in paragraph 32, but deny that the Chancellor failed to insure that the *Shuford/Johnson/Kennedy* Decree was being followed and further deny that he acted in an arbitrary and/or capricious manner.    The Defendants specifically allege that they followed the requirements of *Shuford/Johnson/Kennedy* in this case.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## COUNT I

## GENDER DISCRIMINATION – TITLE VII

37.    The Defendants adopt and re-allege each and every answer/response to paragraphs 1 through 36 of the Amended Complaint as set forth previously in this Answer as if set forth herein.

38.    The Defendants deny that the Plaintiff has been discriminated against based on her gender.

38A.    Denied.

38B.    Denied.

38C.    Denied.

38D.    The Defendants admit that Trenholm Tech has been governed by the provisions of the *Shuford/Johnson/Kennedy* Decree and further allege that the policies and procedures required by that Decree were followed in this particular case.

39.    Denied.

40.    Denied.

41A.    Admitted.

41B.    These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 41B and therefore deny the same.

41C.    These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 41C and therefore deny the same.

## COUNT II

### 42 U.S.C § 1983 AND TITLE VII – RACE DISCRIMINATION

42.    The Defendants adopt and re-allege each and every answer/response set forth above in this Answer to the Amended Complaint as if set out herein.

43.    The Defendants deny that the Plaintiff has been discriminated against based on her race.

43A.    Denied.

43B.    Denied.

43C.    Denied.

43D.    The Defendants admit that Trenholm Tech has been governed by the provisions in the *Shuford/Johnson/Kennedy* Decree and allege that all policies and provisions of that Decree were followed in this case.

44.    Denied.

45.    Denied.

46A.    Admitted.

46A.    The Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 46B and therefore deny the same.

46C.    The Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 46C and therefore deny the same.

## COUNT III

## 42 U.S.C. §§ 1983 AND 1985 (3)

47.    The Defendants adopt and re-allege each and every answer/response set forth above as if set out herein.

48.    Denied.

49.    Denied except that the Defendants admit that President Molina was aware of the policies and provisions regarding the hiring process pursuant to Trenholm Tech's policies and the *Shuford/Johnson/Kennedy* Decree.

50.    The Defendants admit that Defendant Molina is responsible for the day-to-day operation of Trenholm Tech.  As to the remaining allegations contained in paragraph number 50 of the Amended Complaint these Defendants deny the same.

51.    The Defendants admit that Defendant Molina made the decision as to whom to offer the job of Director of Adult Education but deny that that decision was in any way discriminatory or illegal and allege that that decision was made after following the policies and procedures of Shuford/Johnson/Kennedy.  All other allegation contained in paragraph 51 of the Amended Complaint are denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied, except that the Defendants admit that Roy Johnson was aware of the policies and provisions of the hiring process pursuant to Trenholm Tech's policies and the *Shuford/Johnson/Kennedy* decree.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    The Defendants deny the allegations contained in paragraph 70 in the Amended Complaint except that on information and belief they admit that the Plaintiff followed the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech in her application for the position of Director of Adult Education at Trenholm Tech.

71.    Denied.

72.    Denied.

73.    Denied.

74.    The Defendants deny that the Plaintiff is entitled to any of the relief requested in her Amended Complaint.

75.    All matters not expressly admitted herein are hereby expressly denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff lacks standing to bring this action.

### Second Affirmative Defense

The Amended Complaint fails to state a claim against these Defendants upon which relief can be granted.

### Third Affirmative Defense

Defendant Molina is entitled to qualified immunity.

### Fourth Affirmative Defense

The Defendants are entitled to qualified, good faith, and discretionary function immunity.

### Fifth Affirmative Defense

Plaintiff's claims, or parts thereof, are barred by the applicable statutes of limitations.

### Sixth Affirmative Defense

The two-year statute of limitations for claims brought under 42 U.S.C. Section 1983 bars some or all of the Plaintiff's claims.

## Seventh Affirmative Defense

The claims in the Amended Complaint may not be brought pursuant to 42 U.S.C. Section 2000e unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statues.  To the extent that Plaintiff raises claims not made the subject of the EEOC charge she relies upon in her Amended Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Defendants as respondents, or raises claims that arose more than 180 days before the filing of her EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit.  Any and all claims not raised in a lawsuit timely-filed within ninety days of Plaintiff's receipt of a Notice of Rights letter from the EEOC are time-barred and may not be litigated in this action.

## Eighth Affirmative Defense

Defendants did not violate the terms of any clearly established constitutional right of the Plaintiff.

## Ninth Affirmative Defense

All employment decision and actions by Defendants respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons.  Defendants deny that Plaintiff's gender or race or any alleged complaint by her about the subject hiring process was a substantial motivating factor in any decision regarding Plaintiff's employment.

## Tenth Affirmative Defense

Assuming *arguendo* that the Plaintiff provides some evidence that an adverse employment action was motivated by her gender or race or any alleged complaint by her

11

about the subject hiring process, Defendants plead the *Price Waterhouse/Mt. Healthy* defense and assert that Defendants would have taken the same adverse employment action for other, legitimate, non-discriminatory reasons.

### Eleventh Affirmative Defense

Defendants acted on reasonable, nondiscriminatory factors other than gender or race or any alleged complaint by her about the subject hiring process in all of their dealings with the Plaintiff.

### Twelfth Affirmative Defense

Defendants deny that the Plaintiff's gender or race or any alleged complaint by her about the subject hiring process was a substantial motivating factor in any decision regarding her employment.

### Thirteenth Affirmative Defense

Assume *arguendo* that Plaintiff provides some evidence that she contends establishes that an adverse employment action taken against her was motivated in part by her gender or race or allegedly protected conduct, Defendants claim the *Price Waterhouse/Mt. Healthy* defense because they would have treated Plaintiff the same in all respects for other legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Amended Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals.  Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged retaliatory bias, it has a complete defense from liability under Title VII for retaliation.  *See, e.g., Pennington v. City of Huntsville,* 261 F. 3d 1262, 1269 (11th Cir. 2001).

## Fourteenth Affirmative Defense

Plaintiff's claims are estopped by waiver and unclean hands.

## Fifteenth Affirmative Defense

The Plaintiff's Amended Complaint fails to satisfy the heightened pleadings standards for claims brought pursuant to 42 U.S.C. Section 1983.

## Sixteenth Affirmative Defense

The claims in the Amended Complaint may not be brought pursuant to 42 U.S.C. § 2000(e) unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statutes.

## Seventeenth Affirmative Defense

The damages that Plaintiff may recover against Defendants in this action are subject to the damage limitations set forth in 42 U.S.C. § 1981a(a) and (b).

## Eighteenth Affirmative Defense

Plaintiff's claim under 42 U.S.C. § 1981 merges into the claim asserted under 42 U.S.C. Section 1983, and is otherwise subject to the limitations imposed by *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989) and *Butts v. Co. of Volusia*, 222 F. 3d 891 (11th Cir. 2000). In asserting this affirmative defense, Defendants do not concede that Plaintiff has asserted viable claims under 42 U.S.C. §§ 1981 and 1983.

## Nineteenth Affirmative Defense

Defendants are state actors and are not liable to the Plaintiff under 42 U.S.C. Section 1981.

**Twentieth Affirmative Defense**

To the extent that Plaintiff's claims are fraudulent, they are barred.

**Twenty-First Affirmative Defense**

Some of the Defendants are not proper Defendants to claims asserted under Title VII of the Civil Rights Act of 1964, as amended.

**Twenty-Second Affirmative Defense**

Defendants are entitled to the absolute immunity provided by the Eleventh Amendment to the Constitution of the United States. To the extent that Defendant Molina and Defendant Johnson are being sued in their official capacity for alleged constitutional violations under 42 U.S.C. Section 1983, the Amended Complaint is barred by the Eleventh Amendment as said suit is in effect a suit against the State of Alabama which is not consented to in this suit.

**Twenty-Third Affirmative Defense**

Some or all of the decisions and/or employment actions challenged as discriminatory in the Amended Complaint would have been taken even if Plaintiff had not been in a protected class of individuals.

**Twenty-Fourth Affirmative Defense**

The Plaintiff has failed to mitigate her damage.

**Twenty-Fifth Affirmative Defense**

A Notice of Right to Sue against a governmental entity must be issued by the Attorney General of the United States 29 C.R.R Section 1601.28. No such notice has been issued in this case.

## Twenty-Sixth Affirmative Defense

Defendants did not intentionally, willfully, or maliciously violate any of the statutes cited in the Amended Complaint.

## Twenty-Seventh Affirmative Defense

Defendants plead the defense of estoppel by conduct.

## Twenty-Eighth Affirmative Defense

The Defendants expressly deny any and all allegations that adverse employment decisions as to the Plaintiff were made based on alleged complaints by the Plaintiff about the hiring practices in this matter.

## Twenty-Ninth Affirmative Defense

Alternatively, the Defendants allege that no materially adverse employment decisions as to the Plaintiff were made based on the alleged complaints by her about the hiring process in this matter.

## Thirtieth Affirmative Defense

To the extent that Plaintiff's claims are based on alleged violations of the *Shuford/Johnson/Kennedy* Decree, she lack standing to pursue those claims. Such claims can only be pursued in a contempt action within the *Shuford/Johnson/Kennedy* case and only by a proper party to that action.

## Thirty-First Affirmative Defense

Defendants expressly reserve the right to assert other affirmative defenses as discovery proceeds.

Respectfully Submitted,


/s/ Robert T. Meadows, III_____
Robert T. Meadows, III (MEA012)
One of the Attorneys for the Defendants


OF COUNSEL:

CAPELL & HOWARD, P.C
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, Alabama 36803-2268
Telephone:     (334) 501-1540


/s/ Christopher Weller_____
Christopher Weller (WEL020)
One of the Attorneys for the Defendants


OF COUNSEL:

CAPELL & HOWARD, P.C
150 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 241- 8066

Troy King, Attorney General
Office of Attorney General
11 S. Union Street
Montgomery, Alabama 36130-0152

Joan Y. Davis
Alabama Department of Postsecondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36104

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 23rd day of January, 2007:


Ms. Candis A. McGowan
John D. Saxon, P.C.
2119 3rd Avenue North
Birmingham, Alabama 35203

Ms. Nancy E. Perry
P.O. Box 4177
Montgomery, Alabama 36103-4177

Mr. Gary E. Atchison
P.O. Box 2002
Montgomery, Alabama 36102

Ms. Monica Arrington
P.O. Box 250091
Montgomery, Alabama 36125


/s/ Robert T. Meadows, III
OF COUNSEL