IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EILEEN OLIVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action Number** |
| v ) | **2:06-CV-48-MEF** |
| ) | |
| **H. COUNCILL TRENHOLM STATE** ) | |
| **TECHNICAL COLLEGE; ANTHONY** ) | |
| **MOLINA, et. al.** ) | |
| ) | |
| **Defendants.** ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DR. ROBERT J. WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 2:06-CV-49-SRW** |
| ) | |
| **H. COUNCILL TRENHOLM STATE** ) | |
| **TECHNICAL COLLEGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT'S MOTION TO CONSOLIDATE

**COME NOW** Defendants H. Councill Trenholm State Technical College ("Trenholm Tech"), Anthony Molina and Roy W. Johnson and, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, respectfully request that the Court consolidate for all purposes the case of *Olive v. H. Councill Trenholm State Technical College, et al.*, Civil Action No. 2:06-CV-48-MEF (M.D. Ala., filed January 18, 2006) with *Walker v. H. Councill Trenholm State Technical College, et al.*, Civil Action No. 2:06-CV-49-SRW (M.D. Ala., filed January 18, 2006).

1

The Court should consolidate these two actions because (i) they concern common issues of fact and law, *i.e.*, Plaintiffs' claims that they were the victims of discrimination when they unsuccessfully sought appointment to the same position of Director of Adult Education of Trenholm Tech, and (ii) consolidation of these matters would greatly promote judicial efficiency and promote a logical and uniform determination of common issues of law and fact. Defendants state no preference as to which court these consolidated actions are assigned and respectfully submit that issue to the Court for its determination.

In further support of this motion, Defendants state as follows:

1. Both of the above-styled lawsuits concern applicants who unsuccessfully applied for the position of Director of Adult Education of Trenholm Tech.

2. The Director of Adult Education position was filled through a screening process adopted and implemented by the Court in *Shuford v. Alabama State Bd. of Educ.*, 897 F. Supp. 1535 (M.D. Ala. 1995). A multi-racial search committee composed of men and women interviewed and rated all of the qualified applicants.

3. With respect to Plaintiff Eileen Olive, the search committee interviewed her for the position. The search committee ranked Plaintiff Olive, a white female, fourth of the eight candidates. Therefore, she was not one of the top three candidates presented for selection to Dr. Anthony Molina, President of Trenholm Tech. Dr. Molina ultimately selected top-ranked applicant Quinton Ross, an African-American male, for the position.

4. On or about January 18, 2006, Plaintiff Olive filed the instant action (Civil Action No. 2:06-CV-48-MEF) against Defendants Trenholm Tech, Dr. Anthony Molina, The Alabama Department of Post Secondary Education and its Chancellor, Roy Johnson. Plaintiff Olive later amended her complaint on January 3, 2007, voluntarily dismissing The Alabama Department of

Post Secondary Education. In her complaint, as amended, Plaintiff Olive alleges that the Defendants discriminated against her by failing to select her for the position of the Director of Adult Education, a decision which she contends was based on her race and/or gender.

5. Plaintiff Robert Walker is an African-American, former employee of Trenholm Tech. He, too, unsuccessfully applied for the same Director of Adult Education position for which Eileen Olive unsuccessfully applied and was interviewed by the same search committee that interviewed Plaintiff Eileen Olive. Plaintiff Walker was ranked second to last of the eight candidates interviewed. Consequently, he was not one of the top ranked candidates presented to Dr. Molina for selection.

6. On or about January 18, 2006, Plaintiff Walker filed an action (Civil Action No. 2:06-CV-49-SRW) against Trenholm Tech and Dr. Anthony Molina and later amended his complaint on September 7, 2006. In his action, Plaintiff Walker alleges that the Defendants discriminated against him by failing to select him for the Director of Adult Education, a decision which he contends was based on his religion – Seventh Day Adventist.

7. Thus, both Plaintiff Walker and Plaintiff Olive competed for the same Director of Adult Education position; they were interviewed and ranked by the same search committee; and they were denied the position to which Quinton Ross ultimately was appointed. Now both Plaintiffs claim that they were discriminated against in the selection process – Plaintiff Walker alleging discrimination on the basis of religion, and Plaintiff Olive alleging discrimination on the basis of race and/or gender.

8. Defendants deny that they discriminated against either applicant and contend that they selected the best applicant for the position of Director of Adult Education irrespective of race, gender or religion.

3

9. Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." That standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 Moore's Federal Practice § 42.10[1][a], at 42-9 (3d ed. 1998). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, such consolidation will serve the interests of justice. *See*, *e.g.*, *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1505, 1513 (D. Colo. 1989). Consolidation is unquestionably appropriate in this instance.

10. The instant actions involve "a common question of law or fact" and, as such, satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of Rule 42(a) if the actions involve only *one* common question of law *or* fact, the *Olive* and *Walker* actions involve a *multitude* of common questions of both law *and* fact. Those common questions are not peripheral issues; they go to the very heart of the two actions and include, but are not limited to, the following: (i) the application process; (ii) the minimum qualifications established for the Director of Adult Education position; (iii) the interview process conducted by the search committee and the resulting ranking of the candidates; and (iv) the basis of Dr. Anthony Molina's selection decision. Furthermore, both cases will involve substantially the same witnesses involved in the selection process. Both Plaintiffs are represented by the same counsel and filed virtually identical complaints on the same day.

11. The *Olive* and *Walker* actions are so nearly identical that the common legal and factual issues overwhelm any minor issues that are not common to both cases. *See Allen* v. *McEntee*, Nos. 92-0776, 92-2151, 1993 WL 121513, at *3 (D.D.C. Apr. 5, 1993) ("The near identity of the complaints in these two actions provides ample basis for consolidation.")

12.     This Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice.  Among other things, consolidation will produce significant savings of time and resources for the Court and the parties.  In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort.

13.     Furthermore, consolidation of these actions will promote a logical and uniform determination of the issues of law and fact common to each case and will avoid potentially inconsistent results.  Achieving a uniform determination of the common issues of fact and law involved in the selection process will place the least administrative burden upon the court and is in the public's best interest.  *See Midwest Community Council v. Chicago Park District*, 98 F.R.D. 491, 499 (N.D. Ill.1983) (holding that the primary purpose of consolidation is to promote convenience and judicial economy).

**WHEREFORE, PREMISES CONSIDERED**, Defendants H. Councill Trenholm State Technical College, Anthony Molina and Roy W. Johnson respectfully request that this Court consolidate for all purposes the case of *Olive v. H. Councill Trenholm State Technical College, et al.*, Civil Action No. 2:06-CV-48-MEF with *Walker v. H. Councill Trenholm State Technical College, et al.*, Civil Action No. 2:06-CV-49-SRW.

        Respectfully submitted,

        s/Christopher W. Weller\
        CHRISTOPHER W. WELLER (WEL020)\
        ROBERT T. MEADOWS III (MEA012)\
        Attorneys for Defendants

OF COUNSEL:

Capell & Howard, P.C.\
Skyway Professional Center\
3120 Frederick Road, Suite B (36801)\
Post Office Drawer 2268\
Opelika, AL  36803\
Telephone:  (334) 501-1540\
Facsimile:  (334) 501-4512

Troy King, Attorney General\
Office of Attorney General\
11 S. Union Street\
Montgomery, AL 36130-0152

Joan Y. Davis\
Alabama Department of Post Secondary Education\
401 Adams Avenue, Suite 280\
Montgomery, Alabama 36104

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served upon each of the following persons electronically viá CM/ECF filing system on this the 13th day of February, 2007:

Candis A. McGowan
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 -- 19th Street, North
Birmingham, AL 35203

Nancy E. Perry
P. O. Box 4177
Montgomery, AL 36103-4177

Gary E. Atchison
P.O. Box 2002
Montgomery, AL 36102

Monica Arrington
P.O. Box 250091
Montgomery, AL 36125

                      s/ Christopher W. Weller
                      Christopher W. Weller (WEL020)