IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EILEEN OLIVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action Number** |
| v ) | **2:06-CV-48-MEF** |
| ) | |
| **H. COUNCILL TRENHOLM STATE** ) | |
| **TECHNICAL COLLEGE; ANTHONY** ) | |
| **MOLINA, et. al.** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

**COME NOW** Defendants H. Councill Trenholm State Technical College ("Trenholm"), Anthony Molina and Roy W. Johnson (collectively, the "Defendants") and, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, move to dismiss the following claims alleged by Plaintiff Eileen Olive in her January 3, 2007 Amended Complaint:

- Count II – Plaintiff's § 1983 claim against Defendant Trenholm;

- Count III – Plaintiff's claims against Defendants Dr. Anthony Molina and former Chancellor Roy Johnson seeking monetary damages against them in their official capacities pursuant to §§ 1983 and 1985(3); and

- Count III – Plaintiff's claims against former Chancellor Roy Johnson seeking declaratory and injunctive relief against him in his official capacity pursuant to §§ 1983 and 1985(3).

This motion is based on the pleadings heretofore filed with the Court and, in particular, Plaintiff's Amended Complaint filed on January 3, 2007. In further support of this motion, Defendants state as follows:

## I. NARRATIVE STATEMENT OF UNDISPUTED FACTS

1. On January 18, 2006, Plaintiff filed her original Complaint against Defendants alleging that she was discriminated against on the basis of race or gender because she was not selected by Trenholm to serve as Director of Adult Education and because Defendants subsequently modified her position title and job duties in retaliation for her complaints regarding the selection process. (Doc. no. 1).

2. On March 16, 2006, Defendants filed a Motion to Dismiss or, in the Alternative, For More Definite Statement. (Doc. no. 9).

3. On December 1, 2006, the Court granted Defendants' Motion for More Definite Statement and denied as moot Defendants' Motion to Dismiss. (Doc. no. 17).

4. On January 3, 2007, Plaintiff filed an Amended Complaint (Doc. no. 22), alleging the following claims against Defendants:

> **Count I**: Title VII race and gender discrimination claim against Defendant Trenholm.
>
> **Count II:** Title VII and § 1983 claims against Defendant Trenholm.
>
> **Count III:** Sections 1983 and 1985(3) claims against Defendants Dr. Anthony Molina and Chancellor Roy Johnson in their individual and official capacities.

## II. ARGUMENT

**A. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S § 1983 CLAIM AGAINST TRENHOLM (COUNT II) BECAUSE THE CLAIM IS BARRED BY THE ELEVENTH AMENDMENT AND BECAUSE TRENHOLM IS NOT A "PERSON" FOR PURPOSES OF § 1983.**

5. In Count II of her Amended Complaint, Plaintiff seeks money damages against Defendant Trenholm based on alleged violations of 42 U.S.C. § 1983. That claim is due to be

dismissed for two reasons.  First, Plaintiff's § 1983 claim against Trenholm is barred by the Eleventh Amendment.[1]  Second, Trenholm is not a "person" within the meaning of § 1983.[2]  Both of these principles are cogently illustrated in the recently decided (and related) decision of *Walker v. H. Councill Trenholm State Technical College*, 2006 WL 2460592 (M.D. Ala. 2006).[3]

6. In *Walker,* the plaintiff unsuccessfully sought the same position made the basis of Plaintiff Olive's claims – the Director of Adult Education of Trenholm.  Based on the denial of the promotion, Walker sued Trenholm for damages pursuant to § 1983.  As in the instant case, Trenholm moved to dismiss Walker's § 1983 claim based on Eleventh Amendment immunity and on the fact that Trenholm was not a "person" for purposes of § 1983 liability.  The district court agreed, dismissing Walker's § 1983 claims against Trenholm.  The primary basis of the court's ruling is as follows:

> Defendants assert five principal grounds in support of their motion to dismiss.  First, Defendants contend that Plaintiff's § 1983 causes of action (Counts 2 and 3) are due to be dismissed against Trenholm State and the Alabama Department of Postsecondary Education based on the Eleventh Amendment and for the additional reason that these two entities are not "persons" within the meaning of § 1983. (*See* Doc. No. 8 at 1-2.)  Although Defendants are correct, *see Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989) (holding that entities with Eleventh Amendment immunity, including states and state agencies, are not "persons" subject to liability under § 1983), Plaintiff responds that he is not bringing his § 1983 claims against either Trenholm State or the Alabama Department of

---

[1] The Eleventh Amendment bars suits by private parties "seeking to impose a liability which must be paid from public funds in the state treasury."  *See Edelman v. Jordan*, 415 U.S. 659, 663 (1974).  This rule applies not only in suits against the state but also against a "state agency or instrumentality."  *Id*.  The Courts have determined that this rule of immunity applies regardless of whether the action is instituted against a state, a state agency or instrumentality or a state official.  *Hardin v. Adams*, 760 F.2d 1158 (11th Cir. 1985).  Neither the state nor Congress has waived Eleventh Amendment immunity under § 1983 or § 1985(3).  *Wright v. Butts*, 953 F. Supp. 1352, 1358 (M.D. Ala. 1996).

[2] In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that a state was not a "person" for the purposes of asserting a claim under § 1983, stating that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Id*. at 71.

[3] In fact, the *Walker* case is so similar and related to the instant case that the Defendants have moved to consolidate the actions.  *See* Motion to Consolidate (Doc. no. 26).

3

> Postsecondary Education. (Doc. No. 12a.) It, though, is a stretch to arrive at the same conclusion as Plaintiff on the basis of the allegations in the Complaint, as Counts 2 and 3 use the plural form of "Defendants" in asserting liability for § 1983 constitutional violations. Accordingly, it is CONSIDERED and ORDERED that Defendants' motion to dismiss Counts 2 and 3 against Trenholm State and the Alabama Department of Postsecondary Education be and the same is hereby GRANTED.

2006 WL 2460592 at *1. *See also Howlett v. Rose*, 496 U.S. 356, 365 (1990) (the State and arms of the State are not subject to suit under § 1983 either in federal court or state court); *Taylor v. Alabama*, 95 F. Supp.2d 1297 (M.D. Ala. 2000) (holding that the State of Alabama and its agencies are not "persons" within the meaning of § 1983).[4]

7. The facts of the instant case are even more compelling because Plaintiff directs the § 1983 allegations set forth in Court II of her Amended Complaint solely at Trenholm.

8. Accordingly, Defendant Trenholm is entitled to summary judgment as a matter of law as to Plaintiff's § 1983 claim asserted against Trenholm in Count II of her Amended Complaint.

**B. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS DR. ANTHONY MOLINA AND CHANCELLOR ROY JOHNSON BECAUSE PLAINTIFF'S MONETARY DAMAGE CLAIMS ASSERTED AGAINST THEM IN THEIR OFFICIAL CAPACITIES UNDER §§ 1983 AND 1985(3) (COUNT III) ARE BARRED BY THE ELEVENTH AMENDMENT.**

9. The Court should also enter summary judgment in favor of Dr. Molina and former Chancellor Johnson as to Plaintiff's monetary damage claims asserted against them under §§ 1983 and 1985(3) because those claims likewise are barred by the Eleventh Amendment.

10. In particular, in Count III of her Complaint, Plaintiff seeks "an award of compensatory damages, including but not limited to an award for mental anguish and emotional

---

[4] Neither the State of Alabama nor Congress has waived Eleventh Amendment immunity under § 1981, § 1983 or § 1985(3). *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1524-25 (11th Cir. 1990) (holding that exceptions to Eleventh Amendment immunity do not apply to § 1983 actions); *Taylor v. Alabama*, 95 F. Supp.2d 1297, 1310 (M.D. Ala. 2000) (same).

distress" under §§ 1983 and 1985(3) against Defendants Dr. Molina and former Chancellor Roy Johnson in their official capacities. *See* Amended Complaint, (Doc. no. 22) at Count III. However, it is well-settled law that the Eleventh Amendment bars claims for compensatory and punitive damages against state defendants sued in their official capacities under the provisions of §§ 1981, 1983 or 1985(3). *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

11.   The Eleventh Circuit addressed this issue in C*arr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). In *Carr*, the Court held that "[l]awsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). When, as in the instant case, a plaintiff seeks monetary relief from a state employee in his or her official capacity, "the state is considered the real party in interest because an award of damages would be paid by the state." *Id.* (citation omitted).

12.   Courts in this district consistently have adhered to this principle and have dismissed §§ 1983 and 1985(3) claims asserted against state employees sued in their official capacities. *See, e.g.*, *Taylor v. Alabama*, 95 F. Supp. 2d 1297, 1311 (M.D. Ala. 2000) (dismissing plaintiff's § 1983 claims for compensatory and punitive damages against DOT employees sued in their official capacities); *Wright v. Butts*, 953 F. Supp. 1352, 1358-60 (M.D. Ala. 1996) (holding that Eleventh Amendment barred Plaintiff's §§ 1983 and 1985(3) claims against state DOT employees sued in their official capacities).

13.   Therefore, Defendants Molina and Johnson are entitled to summary judgment as a matter of law on Count III of Plaintiff's Amended Complaint to the extent that she seeks

monetary damages against them in their official capacities pursuant to §§ 1983 and 1985(3).[5]

**C. DEFENDANT JOHNSON IS ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S §§ 1983 AND 1985(3) CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST HIM IN HIS OFFICIAL CAPACITY BECAUSE HE IS NO LONGER EMPLOYED AS THE CHANCELLOR OF POSTSECONDARY EDUCATION.**

14.    In Count III of her Amended Complaint, Plaintiff alleges that "Defendant Johnson is responsible in his official capacity under § 1983 for prospective equitable relief" and further alleges that Defendant Johnson is liable in his official capacity for violations of § 1985(3). *Id*. at ¶¶ 58, 66-67. The Court should dismiss Plaintiff's § 1983 and § 1985(3) claims against Defendant Johnson to the extent that they seek declaratory and injunctive relief against him in his official capacity because he is no longer employed as Chancellor of Postsecondary Education. In particular, it is undisputed that the State terminated Defendant Johnson's employment on November 8, 2006. It is well-settled law that a plaintiff's § 1983 claim seeking declaratory or injunctive relief against a defendant in his official capacity is proper only to the extent that the defendant is still employed by the state entity. *See Taylor v. Alabama*, 95 F. Supp. 2d 1297, 1311 (M.D. Ala. 2000); *Hamil v. Vertrees*, 2001 WL 135716, *5 (M.D. Ala. 2001). Because Defendant Johnson is no longer employed as Chancellor of Postsecondary Education, he is not subject in his official capacity to claims for declaratory and injunctive relief under §§ 1983 or 1985(3).

15.    Therefore, Defendant Johnson is entitled to summary judgment on Count III of Plaintiff's Amended Complaint to the extent that she asserts claims for declaratory and injunctive relief under §§ 1983 and 1985(3) against him in his official capacity.

---

[5] While not conceding the merits of Plaintiff's allegations, Defendants do not seek dismissal of Plaintiff's claims for injunctive and declaratory relief asserted against Dr. Molina in his official capacity.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that the Court dismiss the following claims:

- Count II – Plaintiff's § 1983 claim against Defendant Trenholm;

- Count III – Plaintiff's claims against Defendants Dr. Anthony Molina and former Chancellor Roy Johnson seeking monetary damages against them in their official capacities pursuant to §§ 1983 and 1985(3); and

- Count III – Plaintiff's claims against former Chancellor Roy Johnson seeking declaratory and injunctive relief against him in his official capacity pursuant to §§ 1983 and 1985(3).

Respectfully submitted,

s/Christopher W. Weller
CHRISTOPHER W. WELLER (WEL020)
ROBERT T. MEADOWS III (MEA012)
Attorneys for Defendants

OF COUNSEL:

Capell & Howard, P.C.
Skyway Professional Center
3120 Frederick Road, Suite B (36801)
Post Office Drawer 2268
Opelika, AL  36803
Telephone:  (334) 501-1540
Facsimile:  (334) 501-4512

Troy King, Attorney General
Office of Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

Joan Y. Davis
Alabama Department of Post Secondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36104

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served upon each of the following persons electronically viá CM/ECF filing system on this the 22nd day of February, 2007.

| | |
|---|---|
| Candis A. McGowan<br>Wiggins, Childs, Quinn & Pantazis, L.L.C.<br>The Kress Building<br>301 -- 19th Street, North<br>Birmingham, AL 35203 | Nancy E. Perry<br>P. O. Box 4177<br>Montgomery, AL 36103-4177 |
| Gary E. Atchison<br>P.O. Box 2002<br>Montgomery, AL 36102 | Monica Arrington<br>P.O. Box 250091<br>Montgomery, AL 36125 |

                                            s/ Christopher W. Weller_____
                                            Christopher W. Weller (WEL020)