IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| EILEEN D. OLIVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:06-cv-00048-MEF-WC |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff hereby responds as follows to the Defendants' Motion for Partial Summary Judgment filed by the defendants H. Councill Trenholm State Technical College ("Trenholm State"), Molina and Johnson.[1]

At the outset, Plaintiff notes that Defendants do not even attempt to offer any reason why they have failed to recognize paragraphs 10 and 11 of Plaintiff's Amended Complaint, in which the defendants are defined as to how they are being sued in this matter. Paragraphs 10 and 11 are very clear that Defendants Molina and Johnson are sued in their official capacity for "prospective equitable relief".

---

[1] Plaintiff has been attempting to schedule the Rule 26(f) Planning Meeting with Defendants, but had not been able to schedule said conference prior to Defendants filing this Motion. It is Plaintiff's position that all of the matters raised in this Motion are matters that could have been addressed and resolved in said conference, without the necessity of involving the Court with this Motion.

Furthermore, footnote 1 in paragraph 11, clearly states that Plaintiff anticipates filing a motion for substitution to name the current Chancellor even though Rule 25(d) contemplates automatic substitution of parties. Since these two matters raised by Defendant have clearly been addressed by Plaintiff in her Amended Complaint, it is Plaintiffs' position that Defendants' Motion for Partial Summary Judgment on these issues is due to be denied.

In addition, Plaintiff will respond to all of the issues as raised by Defendants in their Motion. Plaintiff will first address Defendants' Narrative Statement of Undisputed Facts and show that some of these facts are in dispute, and Plaintiff will provide her Statement of Undisputed Facts. Plaintiff will then address the legal issues in this matter.

## I. PLAINTIFF'S RESPONSE TO NARRATIVE STATEMENT OF UNDISPUTED FACTS

Plaintiff responds to Defendants' numbered contentions of facts as follows.

1.  Plaintiff admits that she filed her original Complaint on January 18, 2006. While Plaintiff's Complaint contained Title VII race and gender discrimination claims, it also contained other claims that are not set out by

Defendants in their allegation of facts. Therefore, Plaintiff denies the remaining allegations in number 1.

    2.    Admitted.

    3.    Admitted.

    4.    Denied. Count I of Plaintiff's Complaint is for gender discrimination only pursuant to Title VII. Count II of Plaintiff's Complaint is for race discrimination pursuant to Title VII.[2] Count III of Plaintiff's Complaint is for violations of 42 U.S.C. §§ 1983 and 1985(3) by Defendants Molina and Johnson.

## II. PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

    1.    Paragraph 10 of Plaintiff's Amended Complaint states that Defendant Molina is being sued in his official capacity as President for prospective equitable relief. (Doc. no. 22, ¶ 10).

    2.    Paragraph 11 of Plaintiff's Amended Complaint states that Defendant Johnson is being sued in his official capacity as Chancellor for prospective equitable relief. (Doc. no. 22, ¶ 11).

---

[2] Plaintiff is in the process of filing a Motion to Correct her Amended Complaint to remove the typographical error in Count II that makes reference to 42 U.S.C. § 1983, as explained more fully below in the body of this Response.

3. Plaintiff clarified in her Response to Defendants' Motion to Dismiss or in the Alternative for More Definite Statement that she was suing Defendants Molina and Johnson in their official capacity under § 1983 for prospective equitable relief. (Doc. no. 14, ¶¶ 1, 6).

4. At all relevant times for Plaintiff's claims, Defendant Johnson was the Chancellor of the Alabama Department of Postsecondary Education. (Doc. no. 22, ¶ 11; Doc. no. 24, ¶ 11).

5. Footnote 1 in Plaintiff's Amended Complaints states the following:

> Although Rule 25(d) Federal Rules of Civil Procedure, contemplates automatic substitution of parties, the Plaintiff anticipates filing a motion for substitution to name in the current Chancellor of Postsecondary Education.

(Doc. no. 22).

6. Plaintiff clarified in her Response to Defendants' Motion to Dismiss or in the Alternative for More Definite Statement that she is not suing Defendant Trenholm State under § 1983. (Doc. no. 14, ¶ 1).

7. The parties have not filed a Report of Parties Planning Meeting in this matter setting forth the deadlines for amending the pleadings or adding parties. (See *Docket Sheet* for Case, attached as Exhibit "A").

8. The Court has not entered a Scheduling Order establishing the deadlines for the parties to amend the pleadings and to add parties. (See attached Exhibit "A").

## III. ARGUMENT

### A. Plaintiff Is Not Making §1983 Claims Against Trenholm State

As pointed out in her Response to Defendants' Motion to Dismiss or in the Alternative for More Definite Statement, Plaintiff is not suing Defendant Trenholm State under § 1983. (Doc. no. 14, ¶ 1). Therefore, Plaintiff is not seeking any monetary damages against Defendant Trenholm State based upon violations of 42 U.S.C. § 1983. Plaintiff also pointed out in said Response that the § 1983 relief sought in Count II of her complaint was for prospective equitable relief against Defendant Molina as President of Trenholm State.

In responding to this Motion for Partial Summary Judgment, Plaintiff's counsel realized that the reference to 42 U.S.C. § 1983 was not removed in Count II of the Amended Complaint prior to filing the same. When counsel prepared the Amended Complaint, it was their intention to clarify the race discrimination claim in Count II is brought pursuant to Title VII against Defendant Trenholm State, and to remove the reference to 42 U.S.C. § 1983 in this Count to eliminate any

confusion. The failure to remove this reference was a mistake in the editing process by counsel. Simultaneously with the filing of this Opposition, Plaintiff is also filing a Motion to Correct her Amended Complaint seeking to remove this reference to 42 U.S.C. § 1983 from Count II of her Amended Complaint. Plaintiff is not making any claim against Defendant Trenholm State under 42 U.S.C. § 1983.

### B. Plaintiff's Claims Against Defendants Molina and Johnson In Their Official Capacities Are For Prospective Equitable Relief

In Count III of her Amended Complaint, Plaintiff brings claims against Defendants Molina and Johnson in both their individual and their official capacities. The claims brought against them in their official capacities are for prospective equitable relief only. Plaintiff is not seeking monetary damages against Defendants Molina and Johnson in their official capacities. However, Plaintiff is seeking monetary damages against Defendants Molina and Johnson in their individual capacities.

Contrary to Defendants' contentions, Plaintiff does not seek an award of compensatory damages against Defendants Molina and Johnson in their official capacities. Plaintiff makes it very clear in Count III of her complaint that she is seeking damages against Defendants Molina and Johnson in their individual

capacities pursuant to 42 U.S.C. §§ 1983 and 1985(3). (Doc. no. 22, ¶¶ 10, 11, 50, 52, 58, 60,66, and 72). Plaintiff's prayer for relief seeks compensatory damages for all claims to which she is entitled to the same. Defendants have misinterpreted Plaintiff's prayer for relief as applying only to Count III of her Amended Complaint. Plaintiff's prayer for relief applies to all three (3) Counts of her Amended Complaint.

Molina and Johnson *are* subject to suit in their official capacity under § 1983 for prospective equitable relief. *Will v. Michigan Dep''t of State Police*, 491 U.S. 58 (1988). Defendants contend that Molina and Johnson cannot be sued in their official capacities under Section 1983, by virtue of the Eleventh Amendment. That is incorrect; they can be sued for prospective equitable relief, including instatement to the position to which Plaintiff is entitled. *See*, *e.g.*, *Cross v. Ala Dep''t of Mental Health*, 49 F.3d 1490, 1503 (Ala. 1995). Prospective equitable relief is the only relief that Plaintiff is seeking from Defendants Molina and Johnson in their official capacities.

### C. Plaintiff's Amended Complaint Contemplates Substitution of Parties Pursuant to Rule 25(d) for the Current Chancellor

In her Amended Complaint, Plaintiff states in footnote number 1 that although Rule 25(d) Fed.R.Civ.P. contemplates automatic substitution of parties,

7

she anticipates filing a motion for substitution to name the current Chancellor of Postsecondary Education. (Doc. no. 22, ¶ 11). Due to the revolving door of individuals holding the positions of Chancellor and/or "Interim Chancellor" and/or "Acting Chancellor" during the last nine (9) months, Plaintiff has waited to file any Motion to Substitute, or to take action to ask the Court to apply Rule 25(d).[3] Furthermore, Plaintiff was waiting to comply with the Court's Scheduling Order for adding parties once it was entered after the parties submitted their Report of Parties Planning Meeting. Plaintiff is fully aware that at the time the case is finalized for purposes of prospective equitable relief the correct Chancellor should be automatically substituted. Plaintiff intends to comply with this Court's Scheduling Order regarding the addition of parties. However, Plaintiff felt it was prudent to wait to ask the Court to substitute said party until a permanent Chancellor has been selected and hired.

### III. CONCLUSION

---

[3]This Court may take judicial notice that since the removal of Johnson from his office in November of 2006, there have been two (2) individuals who have replaced Johnson in various "Acting" and/or "Interim" positions. At the time of filing this Response, the position is being held by Renee Culverhouse in an "Acting" basis.

Based upon the above, Plaintiff respectfully requests that this Court deny Defendants' Motion for Partial Summary Judgment.

        Respectfully submitted,

        /s/ Candis A. McGowan
        Candis A. McGowan (ASB-9358-036C)

**OF COUNSEL:**
**Wiggins, Childs, Quinn & Pantazis, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone:  (205) 314-0513
Facsimile:        (205) 314-0713
Email:              cmcgowan@wcqp.com


        /s/ Nancy E. Perry
        Nancy E. Perry (ASB 3929-R76N)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone:  (334) 834-9790
Facsimile:     (334) 834-7034
Email:           nancyp@alaedu.org

## CERTIFICATE OF SERVICE

     I hereby certify that on the 23rd day of March 2003, I served a copy of the above and foregoing upon the following attorneys by electronically filing the same with the CM/ECF system, which will send electronic notice of same to:

Christopher W. Weller
Robert T. Meadows, III
Capell & Howard, P.C.
Skyway Professional Center
3120 Frederick Road, Suite B (36801)
Post Office Drawer 2268
Opelika, AL 36803

Joan Y. Davis
Alabama Department of Post Secondary Education
301 Adams Avenue, Suite 280
Montgomery, AL 36104

Troy King
Attorney General
Margaret L. Fleming
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

                                                  /s/ Candis A. McGowan
                                                            Of Counsel