## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **EILEEN OLIVE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06-cv-48-MEF-WC |
| | ) |
| H. COUNCILL TRENHOLM | ) |
| STATE TECHNICAL COLLEGE, | ) |
| ANTHONY MOLINA, et. al, | ) |
| | ) |
|     **Defendants.** | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

    **COMES NOW** Plaintiff Eileen Olive and respectfully requests that this Court deny Defendants' Motion to Consolidate this case with that of *Dr. Robert J. Walker v. H. Councill Trenholm State Technical College, et al,*. Civil Action No. 2:06-cv-49-SRW (M.D. Ala.). In support thereof, Plaintiff shows the following:

    1.    Pursuant to Rule 42(a), consolidation should be denied because the plaintiffs' claims in these two cases involve several different issues of facts and law, as well as different defendants. While both plaintiffs did unsuccessfully seek appointment to the same job position of Director of Adult Education, this denial of promotion claim is not the only claim in both of the lawsuits. Contrary to defendants' assertions in their Motion to Consolidate, these two cases are not identical. Ms. Olive is a Caucasian female who is bringing an action for claims of gender and reverse race discrimination. Dr. Walker is an African-American male who is bringing an action for claims of religious discrimination since he is a Seventh Day Adventist. Consolidation of the two matters would not promote judicial efficiency in that it will create unnecessary discovery for each of the

plaintiffs, it may confuse the jury on the issues in the cases, and will involve different defendants.

2.  On or about December 1, 2006, this Court entered its Order on Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement, and ordered Ms. Olive to file an amended complaint with more definite statement by no later than December 18, 2006. Ms. Olive complied with said Order and filed her Amended Complaint. Ms. Olive's Amended Complaint makes claims against defendants H. Councill Trenholm State Technical College (hereinafter "Trenholm Tech"), Anthony Molina, in his individual and official capacity as President of Trenholm Tech, and Roy W. Johnson, in his individual and official capacity as Chancellor of the Alabama Department of Postsecondary Education.[1] Ms. Olive brings claims for gender and race discrimination pursuant to Title VII for the denial of the promotion to the position of Director of Adult Education, for retaliation after she complained of discrimination, and for discrimination experienced throughout her employment. In addition, Ms. Olive makes claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) against defendants Molina and Johnson regarding their actions, as well as a denial of Equal Protection claim.

3.  On or about August 23, 2006, the Court in Dr. Walker's case entered its Order on Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement, and ordered Dr. Walker to file an amended complaint with more definite statement to comply with said order. Dr. Walker filed his Amended Complaint on or about September 7, 2006, a copy of which is attached as Exhibit "A". Dr. Walker's Amended Complaint only makes claims against defendants H. Councill Trenholm State Technical College (hereinafter "Trenholm Tech") and Anthony Molina,

---

[1]The claims brought against the President and the Chancellor in their official capacities are for prospective equitable relief only. In addition, Ms. Olive's Amended Complaint contains a footnote regarding the substitution of the current Chancellor of Postsecondary Education for this prospective equitable relief.

in his individual and official capacity as President of Trenholm Tech.[2] Dr. Walker does not bring any claims against Roy Johnson. Dr. Walker's Amended Complaint brings claims for religious discrimination pursuant to Title VII, for First and Fourteenth Amendment violations based upon his religion and free speech, for retaliation regarding the exercise of his rights, and for violations of 42 U.S.C. § 1981 and 1983. Dr. Walker is making claims for the termination of his employment, for religious discrimination and retaliation he experienced throughout his employment, and for the denial of **several** promotions and job positions, including the position of Director of Adult Education.

4. Ms. Olive's case will involve facts that are distinct and separate from the facts involved in Dr. Walker's case. While there may be some common facts involving the selection of the position of Director of Adult Education, the majority of the facts in Ms. Olive's case do not involve the same facts as those in Dr. Walker's case. As for their discrimination claims, Ms. Olive is a Caucasian female who is alleging gender and reverse race discrimination. Dr. Walker is an African-American male, who is alleging religious discrimination. Different facts and witnesses will be needed to establish each plaintiff's claims of the different types of discrimination. The facts to prove the different types of discrimination alleged by each plaintiff will be significantly different.

5. Dr. Walker's claims are distinctly different from the claims of Ms. Olive and will involve many different witnesses. Dr. Walker's claims involve the denial of several job positions and promotions. Dr. Walker's claims will involve many different facts and witnesses on issues that do not relate to Ms. Olive's claims. Both cases will involve facts and questions of law on many

---

[2] The claims against Molina in his official capacity are for prospective equitable relief only.

issues other than the one issue of the denial of the promotion to the job position of Director of Adult Education. Furthermore, Dr. Walker has a claim for the termination of his employment. Ms. Olive is still employed and she does make such a claim. Dr. Walker's claims of religious discrimination deal with discrimination that he has experienced as a result of his faith not being the mainstream faith practiced in Alabama. Ms. Olive has no such claims in her case.

6. These two cases are also at different stages of the litigation process. Dr. Walker's case is in the discovery phase. In this case, however, the parties have not had their required Rule 26 Parties' Planning Meeting, so no discovery schedule has been created and no discovery has begun.

7. Ms. Olive's claims of gender and reverse race discrimination are totally different claims from Dr. Walker's claims of religious discrimination. Both cases also bring different claims for other violations of their constitutional and statutory rights. Due to the different nature of their distinctively different discrimination claims, the different constitutional and statutory violations, and the different defendants, a jury could be confused over the different claims presented in each case. Ms. Olive would be prejudiced by consolidating her case with Dr. Walker's case and she would also be forced to incur additional discovery expenses due to the different witnesses. "A court should consider claims of prejudice to the parties in deciding whether to consolidate cases." *Lexington Lasercomb I.P.A.G v. GMR Products, Inc.*, 442 F.Supp.2d 1277, 1279 (S.D. Fla. 2006) (consolidation denied due to potential confusion over different infringing devices at issue in the case). See also *Bernardi v. City of Scranton,* 101 F.D.R. 411, 35 Fair Empl. Prac. Cas. (BNA) 468 (M.D. Pa. 1983) (consolidation denied when the different factual backgrounds and legal theories of several § 1983 and ADEA claims were likely to confuse the jury.)

8. Ms. Olive and Dr. Walker worked in different departments at Trenholm Tech and their complaints make different claims and seek different remedies. These different factors

differentiate the two cases, which results in their claims not presenting sufficient common issues of law or fact to justify consolidation. See *Vance v. City of Nacogdoches, Texas*, 198 F.Supp.2d 858, 861 (E.D. Tex. 2002) (consolidation denied because parties worked in different departments, brought different claims and sought different remedies in Title VII cases).

9.   In this case, Roy Johnson is a party, and he is not a party in the Walker matter. Due to the different defendants in the matters, the different claims against the similar defendants may result in confusion and complication of the judicial proceeding rather than promoting judicial efficiency. In addition, consolidation of the cases may result in creating numerous logistical problems regarding the presentation of evidence which might be admissible and/or relevant in one case but not the other case. Such differences in parties and issues supports the denial of consolidation. *Sidari v. Orleans County,* 174 F.R.D. 275, 282 (W.D.N.Y. 1996).

10.   For the limited purposes of the deposition testimony and discovery from the selection committee for the job position of Director of Adult Education, Ms. Olive has no objections to consolidating this discovery so that all parties can save costs.[3] Ms. Olive also has no objections to consolidating any other discovery that involves identical facts and issues. However, Ms. Olive feels that she will be prejudiced by consolidating her case for trial with that of Dr. Walker due to the problems and issues created by the differences pointed out above.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court deny Defendants' Motion to Consolidate. In the alternative, Plaintiff asks that this Court enter an Order only consolidating the discovery concerning the selection committee and its process for the

---

[3] In fact, Ms. Olive's counsel had previously suggested this option to defendants' previous counsel, and said suggestion was not accepted. After receiving defendants' Motion to Consolidate, plaintiffs' counsel also made the same suggestion to defendants' current counsel in an attempt to resolve this matter without the necessity of involving the Court.

job position of Director of Adult Education in the two cases.

          Respectfully submitted,

          /s/ Candis A. McGowan
          Candis A. McGowan (ASB-9358-036C)

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 - 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
Email: cmcgowan@wcqp.com

          /s/ Nancy E. Perry
          Nancy E. Perry (ASB 3929-R76N)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone: (334) 834-9790
Facsimile: (334) 834-7034
Email: nancyp@alaedu.org

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 23rd day of March 2007, I served a copy of the above and foregoing upon the following attorneys by electronically filing the same with the CM/ECF system, which will send electronic notice of same to:

Christopher W. Weller
Robert T. Meadows, III
Capell & Howard, P.C.
Skyway Professional Center
3120 Frederick Road, Suite B (36801)
Post Office Drawer 2268
Opelika, AL 36803

Joan Y. Davis
Alabama Department of Post Secondary Education
301 Adams Avenue, Suite 280
Montgomery, AL 36104

Troy King
Attorney General
Margaret L. Fleming
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

              /s/ Candis A. McGowan
                Of Counsel