# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DR. ROBERT J. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06-cv-ID-SRW |
| | ) |
| H. COUNCILL TRENHOLM | ) |
| STATE TECHNICAL COLLEGE, | ) |
| and ANTHONY MOLINA, | ) |
| individually and in his official | ) |
| capacity as President, H. Councill | ) |
| Trenholm State Technical College, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.  Plaintiff, a former employee of H. Councill Trenholm State Technical College, seeks declaratory and injunctive relief, compensatory damages, and backpay from defendants arising from defendants' violation of the rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act, 42 U.S.C. § § 1981, and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § § 1981 and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343, and 42 U.S.C. 2000e, et. seq.

4. This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), Fed. R. Civ. P. Rule 57, and 42 U.S.C. § § 1983.

## PARTIES

6. Plaintiff is an African-American male citizen of the United States and of the State of Alabama. He is a resident of this Judicial District and Division.

7. Defendant H. Councill Trenholm State Technical College (hereinafter "Trenholm Tech") is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

8. Defendant Trenholm Tech is doing business within this District and Division.

9. Plaintiff is an employee of the defendant Trenholm Tech within the

meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

10. Defendant Anthony Molina is an adult African-American citizen of the United States and the State of Alabama, and he resides in Montgomery County. Defendant Molina is the President of H. Councill Trenholm State Technical College and is the individual responsible for the daily operation of defendant Trenholm Tech. Defendant Molina is being sued individually and in his official capacity as President (for prospective equitable relief) for all claims of plaintiff except his Title VII claims.

**FACTS**

11. In or about January 2002, plaintiff was hired by defendant Trenholm Tech in the job position of Activity I Director/Curriculum Specialist under the Title IIIB federal grant.

12. During his employment, plaintiff was given several additional job duties and responsibilities, which resulted in promotions for him.

13. Plaintiff belongs to the Seventh Day Adventist Church and he is very active in practicing his faith. Plaintiff's faith is different from other religions in that his day of worship is on Saturdays instead of Sundays. Plaintiff is also a vegetarian due to his faith.

14. While he was employed at Trenholm Tech, plaintiff's supervisors and

President Molina were aware that he was a Seventh Day Adventist and that he was very devout to his faith.

15. On many occasions, President Molina made references to and/or asked questions about plaintiff's religious beliefs.

16. Throughout his employment, plaintiff was given positive employment evaluations and he was verbally told that he was doing an excellent job.

17. Within the first year of his employment, President Molina called plaintiff into his office to discuss his job position. President Molina informed plaintiff that he wanted plaintiff to replace his supervisor, Dean Gail Taylor, as Director of Title IIIB. Dr. Molina informed plaintiff that he was going to have Dean Taylor train plaintiff so that she could give up her dual roles of Dean of Academic Services and Director of Title IIIB.

18. In the Summer of 2003, President Molina again called plaintiff into his office and informed plaintiff that he was giving him the additional job duties of the position of Coordinator of Distance Education. At this point, plaintiff's job responsibilities under Title IIIB included the following five primary areas: (1) Activity I Director, (2) Curriculum Specialist, (3) Coordinator of Faculty Evaluation, (4) Coordinator of Professional Development, and (5) Distance Education Coordinator.

19. In the Spring of 2004, Dr. Molina asked plaintiff to write the

curriculum for the Hyundai Motor Plant bid since the administrator in charge of the project had been removed from the responsibility. Plaintiff prepared the entire Hyundai curriculum within approximately three (3) weeks in order to meet the deadline established by Hyundai. Dr. Molina praised plaintiff's work in this program.

20. Plaintiff could not attend the Fair for the Hyundai project because it was held on his day of worship, Saturday. All other administrator, including President Molina, attended the Fair for Hyundai, which was held in or about June 2004.

21. In or about June of 2004, Dr. Molina moved plaintiff to the Early Childhood Education Department to establish an online degree program for people in rural areas to obtain their degrees since federal law now requires individuals working in the Head Start Program to have a two (2) years associate degree.

22. In or about late June 2004, plaintiff learned that Trenholm Tech was advertising the position of Director of Adult Education that was left vacant by the retirement of the previous Director.

23. Since plaintiff was highly qualified for this position, he applied for the position of Director of Adult Education, and he was selected by the selection committee as one of the ten applicants to be interviewed.

24. On August 5, 2004, plaintiff was interviewed for the position of

Director of Adult Education by the selection committee.

25. On or about August 12, 2004, plaintiff was informed that he had not been selected for the position of Director of Adult Education. A less qualified African-American male, who did not have the same religious beliefs as plaintiff has, was selected for the position of Director of Adult Education.

26. On or about August 9, 2004, plaintiff's contract was non-renewed by Dr. Molina due to his religious beliefs in violation of Title VII. Plaintiff would have obtained tenured, or permanent status, pursuant to the Fair Dismissal Act and policies, if he had worked until January 2005.

27. At the time of the termination of his contract, plaintiff was in a job position that had funding. Less qualified individuals without tenured status were retained when plaintiff's contract was non-renewed. These individuals did not have the same religious beliefs that plaintiff has.

28. Throughout his employment, plaintiff was discriminated against and treated differently in the terms and conditions of his employment because of his religion. Plaintiff was also held to a higher standard of performance than similarly situated employees who did not hold the same religious beliefs as he held.

29. The Alabama Department of Postsecondary Education (hereinafter "Post-secondary Education") is the entity that oversees the operation of the state's two-year colleges and other educational institutions, including defendant Trenholm

Tech.

30. At all relevant times, Roy W. Johnson was the Chancellor of the Alabama Department of Postsecondary Education and was the individual responsible for the daily operation of Postsecondary Education.

31. Since August 9, 2004, plaintiff has applied for two other job positions with Trenholm Tech, for which he is highly qualified. These positions are the Dean of College and Director of Title III. These job positions were filed by less qualified individuals who do not have the same religious beliefs that plaintiff has. Plaintiff has also applied for various positions for which he was highly qualified at other two year institutions under the control of Postsecondary Education. While plaintiff has received interviews for some of these positions at the other two year institutions, he has not been selected for any of the positions.

32. Upon information and belief, defendants have a history of discriminating against employees based upon their religion.

33. At all relevant times, Postsecondary Education and defendant Trenholm Tech were subject to the terms and conditions of a Consent Decree regarding the terms and conditions of the hiring process for employees, promoting employee, and the re-organization of departments and employees' positions. See Shuford, et al. V. Alabama State Board of Education, et al., in the United States District Court for the Middle District of Alabama, Northern Division, Civil Action

No. 89-T-196-N. This Consent Decree is referred to as the *Shuford/Johnson/Kennedy* Decree. Defendant Trenholm Tech has adopted policies and procedures consistent with the provisions of the *Shuford/Johnson/Kennedy* Decree.

34. When plaintiff was denied the promotions for which he applied and his employment contract was terminated, he made written complaints pursuant to the *Shuford/Johnson/Kennedy* Decree to defendants, Chancellor Johnson, Postsecondary Education, and the Alabama State Department of Education. Plaintiff complained that the policies in the *Shuford/Johnson/Kennedy* Decree and the policies of Trenholm Tech were not being followed in the denial of promotions and denial of employment to him. In his complaints, plaintiff also made reference to his religious beliefs.

35. No actions were taken to correct the discriminatory actions of defendant Trenholm Tech and defendant Molina of failing to comply with the terms and provisions of the *Shuford/Johnson/Kennedy* Decree with regard to the employment actions involving plaintiff.

36. The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Trenholm Tech is vested by state law in defendant Molina subject to approval by Alabama Department of Postsecondary Education. Defendant Molina was granted

authority by the Chancellor of Postsecondary Education and the State Board of Education to hire, fire, and promote and make work assignment of employees of Trenholm Tech.

37. Defendant Molina made the decisions to deny plaintiff the promotions and to terminate his employment. Defendant Molina discriminated against plaintiff due to his religious beliefs and for voicing his concerns concerning these beliefs.

38. Defendant Molina acted outside of his jurisdiction and without authorization of law. Defendant Molina acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of his rights as herein alleged.

39. Plaintiff's exercise of his rights to free speech and association as described above was a significant motivating factor in defendants' denial of the job promotion to plaintiff and his termination. In addition, plaintiff's religious beliefs were also a significant motivating factors in defendants' decisions to deny to him the job promotion, to fail to place him in other positions, and to terminate his employment.

40. The unlawful denial of promotions to plaintiff and his termination were an exercise of final policy making authority by Dr. Molina, and these decisions were not subject to further meaningful review under state law as well as

relevant custom having the force of law.

41. In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, 42 U.S.C. § 1983, and the laws of the State of Alabama.

42. As a result of defendants' denial of the promotion to plaintiff and his termination as described above in retaliation for plaintiff's exercise of his rights to free speech and association and due to his religion, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

## COUNT ONE

## RELIGIOUS DISCRIMINATION - TITLE VII

43. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

44. Plaintiff has been intentionally discriminated against on the basis of his religion, Seventh Day Adventist, by defendant Trenholm Tech in violation of Title VII based on the following:

A. On or about August 12, 2004, plaintiff was denied a promotion to the position of Director of Adult Education due to his religious, Seventh Day

Adventist. Plaintiff was well qualified for the position of Director of Adult Education, but an African-American male, who did not have the same religious beliefs as plaintiff, with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

      B.     On or about August 9, 2004, plaintiff's employment contract was non-renewed by Dr. Molina due to his religious beliefs, Seventh Day Adventist. Plaintiff would have obtained tenured, or permanent status, pursuant to the Fair Dismissal Act and policies, if he had worked until January 2005. Plaintiff was also in a needed job position that had funding. Less qualified individual without tenured status were retained when plaintiff's contract was non-renewed. There individuals did not have the same religious beliefs that plaintiff had. All of these actions by defendants were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

      C.     Throughout his employment, plaintiff has been discriminated against and treated differently in the terms and conditions of his employment because of his religion, Seventh Day Adventist. Plaintiff was held to a higher standard of performance than similarly situated employees who did not hold the same religious beliefs as plaintiff held. All of this conduct by defendants was in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

D. Since August 9, 2004, plaintiff applied for two other vacant job positions with Trenholm Tech for which he was highly qualified. These positions were the Dean of College and Director of Title III. These vacant job positions were filed by less qualified individuals who do not have the same religious beliefs that plaintiff has. Plaintiff was denied these job positions due to his religious beliefs, Seventh Day Adventist. All of these actions by defendants were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

E. Defendant Trenholm Tech has a history of discriminating against employees based upon their religion in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

45. In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of his religion. Employees who do not hold the same religious beliefs were not treated in a similar fashion. The actions of defendant Trenholm Tech were taken with malice and reckless indifference to the federally protected rights of plaintiff.

46. As a proximate result of defendant Trenholm Tech's conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

47. Plaintiff has satisfied all administrative prerequisites to bringing this

claim.

A. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission "EEOC") against defendant on or about February 3, 2005, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B. On or about October 17, 2005, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on his EEOC charge. Said charge was received by plaintiff on or about October 21, 2005.

C. This complaint has been filed within 90 days of receipt of the notification of right to sue on his EEOC charge.

## COUNT TWO

## 42 U.S.C. § 1983 and FIRST AMENDMENT

48. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

49. Defendant Molina denied plaintiff a job promotion and terminated his employment in retaliation for his legitimate exercise of his rights to free speech and free association as described above.

50. Defendant Molina is the final policy of Trenholm Tach and is responsible for the day-to-day operation of the institution.

51. Defendant Molina made the decisions to deny plaintiff the promotions

and to terminate his employment. Defendant Molina discriminated against plaintiff due to his religious beliefs and for voicing his concerns concerning these beliefs.

52. Defendant Molina, in his individual capacity, intentionally, under the color of law in violation of 42 U.S.C. § 1983, deprived plaintiff of clearly established statutory and/or constitutional rights under the Fourteenth Amendment of the United States Constitution by subjecting him to discriminatory employment practices based upon his religion when he denied him promotions and terminated his employment.

53. Defendant Molina, under the color of law intentionally violated clearly established statutory and/or constitutional rights of plaintiff by subjecting him to unlawful employment practices based upon his religion.

54. Defendant Molina acted outside of his jurisdiction and without authorization of law. Defendant Molina acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of his rights as herein alleged.

55. Plaintiff's exercise of his rights to free speech and association as described above was a significant motivating factor in defendant Molina's denial of the job promotion to plaintiff and his termination. In addition, plaintiff's religious beliefs were also a significant motivating factors in defendant's decisions

to deny to him the job promotion, to fail to place him in other positions, and to terminate his employment.

56. Defendant Molina's action herein complained of is an official custom or policy of Defendant Trenholm Tech.

57. In their actions toward plaintiff as described above, defendant Molina acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, 42 U.S.C. § 1983, and the laws of the State of Alabama.

58. As a result of defendant Molina's decisions to deny the promotions to plaintiff and to terminate his employment as described above in retaliation for plaintiff's exercise of his rights to free speech and association and due to his religion, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

59. Through the above described actions of defendant Molina, plaintiff has been deprived of his freedom of speech and of association as guaranteed by the First Amendment of the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and has been damaged as set out above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant the following relief:

(a). Grant plaintiff a declaratory judgment that the practices complained of herein are violative of the rights secured under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § § 1981, and 1983, and Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto;

(b) Grant plaintiff an order enjoining defendants and all persons acting in concert with defendants from engaging in discriminatory and retaliatory employment practices on the basis of religion;

(©) Grant plaintiff placement in the position(s) in which he would have worked absent defendants' discriminatory treatment;

(d) Grant plaintiff the appropriate amount of backpay, damages, a pay raise with backpay in the amount he would earned but for the unlawful and discriminatory practices of defendant Trenholm Tech, and re-instatement, or in the alternative, frontpay;

(e) Grant plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

(f) Award plaintiff his costs and expenses, including an award of reasonable
attorney's fees; and

(g) Award such other legal and equitable relief as may be

appropriate.

>Respectfully submitted,
>
>/s/ Candis A. McGowan
>Candis A. McGowan (ASB-9358-036C)

**OF COUNSEL:**
**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama  35203
Telephone:   (205) 324-0223
Facsimile:          (205) 323-1583
Email:              cmcgowan@saxonattorneys.com

>/s/ Nancy E. Perry
>Nancy E. Perry (ASB 3929-R76N)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone:   (334) 834-9790
Facsimile:          (334) 834-7034
Email:              nancyp@alaedu.org

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

>/s/ Candis A. McGowan
>**OF COUNSEL**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of September 2006, I served a copy of the above and foregoing upon the following attorneys by electronically filing the same with the CM/ECF system, which will send electronic notice of same to:

Margaret L. Fleming
Assistant Attorney General
Winfield J. Sinclair
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

                                             /s/ Candis A. McGowan
                                                  Of Counsel