IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EILEEN OLIVE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | Civil Action Number |
| v | ) | 2:06-CV-48-MEF |
| | ) | |
| H. COUNCILL TRENHOLM STATE | ) | |
| TECHNICAL COLLEGE; ANTHONY | ) | |
| MOLINA, et. al. | ) | |
| | ) | |
|    Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants and submit the following reply to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment (Doc. No. 33).

1.  Defendants understand from Plaintiff's Reply Brief that she has withdrawn her claim against Defendant Trenholm under 42 U.S.C. § 1983 (previously asserted in Count II of her Amended Complaint (Doc. no. 22)), and that Plaintiff has amended her complaint accordingly. *See* Plaintiff's Corrected Amended Complaint (Doc. no. 32). Accordingly, Defendants' Motion for Partial Summary Judgment with respect to Plaintiff's § 1983 claim asserted against Trenholm in Count II of her Amended Complaint is moot.

2.  Defendants accept Plaintiff's representation that she does not assert any monetary damage claims against either Defendant Anthony Molina or former Chancellor Roy Johnson in their official capacities and that her claims against Molina and Johnson in their official capacities are limited solely to prospective equitable relief. Accordingly, Defendants' Motion for Partial Summary Judgment with respect to this aspect of Count III of Plaintiff's amended Complaint is

likewise moot.[1]

3. Finally, notwithstanding Plaintiff's stated intention to add or substitute the new Chancellor of Postsecondary Education as a Defendant to this lawsuit, it is well-settled law that a plaintiff's § 1983 claim seeking declaratory or injunctive relief against a defendant in his official capacity is proper only to the extent that the defendant is still employed by the state entity. *See Taylor v. Alabama*, 95 F. Supp. 2d 1297, 1311 (M.D. Ala. 2000); *Hamil v. Vertrees*, 2001 WL 135716, *5 (M.D. Ala. 2001). Because Defendant Johnson is no longer employed as Chancellor of Postsecondary Education, he is entitled to summary judgment on Count III of Plaintiff's Amended Complaint to the extent that she asserts claims for declaratory and injunctive relief under §§ 1983 and 1985(3) against him in his official capacity.

Respectfully submitted,

/s/Christopher W. Weller
CHRISTOPHER W. WELLER (WEL020)
ROBERT T. MEADOWS III (MEA012)
Attorneys for Defendants

OF COUNSEL:

Capell & Howard, P.C.
Skyway Professional Center
3120 Frederick Road, Suite B (36801)
Post Office Drawer 2268
Opelika, AL 36803
Telephone: (334) 501-1540
Facsimile: (334) 501-4512

Troy King, Attorney General
Office of Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

---

[1] Contrary to Plaintiff's assertion on page 7 of her Reply Brief, Defendants have not asserted that Defendants Molina and Johnson cannot be sued in their official capacities under § 1983 by virtue of the Eleventh Amendment. Rather, Defendants clearly stated that Plaintiff could not sue Defendants Molina and Johnson in the official capacity for ***monetary*** damages. *See* Defendants' Motion for Partial Summary Judgment (Doc. no. 28) at ¶¶ 9-13.

Joan Y. Davis
Alabama Department of Post Secondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36104

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon each of the following persons electronically *viá* CM/ECF filing system on this the 30th day of March, 2007.

| | |
|---|---|
| Candis A. McGowan<br>Wiggins, Childs, Quinn & Pantazis, L.L.C.<br>The Kress Building<br>301 -- 19th Street, North<br>Birmingham, AL 35203 | Nancy E. Perry<br>P. O. Box 4177<br>Montgomery, AL 36103-4177 |
| Gary E. Atchison<br>P.O. Box 2002<br>Montgomery, AL 36102 | Monica Arrington<br>P.O. Box 250091<br>Montgomery, AL 36125 |

/s/ Christopher W. Weller_____
Christopher W. Weller (WEL020)

3