EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DR. ROBERT J. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:06-CV-49-SRW |
| | ) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

COME NOW Defendants and submit this Memorandum in Reply to Plaintiff's Opposition to Defendants' Motion to Consolidate (Doc. no. 30). For the additional reasons set forth below, the Court should grant Plaintiff's Motion to Consolidate (Doc. no. 29) and consolidate this action for all purposes with the case of *Eileen D. Olive v. Trenholm Tech, et al.*, Case No. 2:06-cv-48-M (M.D. Ala.).

**I.    ADDITIONAL ARGUMENT**

Although Defendants believe that they have presented compelling arguments in support of the consolidation of the *Walker* and *Olive* cases, Plaintiff has raised several issues in opposition thereto which require a brief reply.

As set forth in Defendants' original motion to consolidate, the articulated standard for consolidating two or more cases is simply that they involve a "common question of law or fact.

1

*See* Rule 42(a), FED.R.CIV.P.[1]; *see also Mutual Life Ins. Co. v. Hillman*, 145 U.S. 285, 286 (1892); *Woodward v. Nor-Am Chemical Co.*, 1996 WL 1094746 (S.D. Ala. 1996) (Rule 42(a) permits consolidation whenever there is "a common question of law or fact" linking two actions). The rule is permissive and vests a purely discretionary power in the district court. *See Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995). Furthermore, "common questions of law and fact do not have to predominate. All that is required is that the district court find they exist and that consolidation will be beneficial." 8 James Wm. Moore *et al.*, *Moore's Federal Practice* • 42.10[1][a] (3d ed. 1997).

From the outset, it is important to remember that Rule 42 is a codification of a trial court's inherent managerial power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). Furthermore, the Eleventh Circuit has encouraged trial judges to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (citing *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), *cert. denied*, 386 U.S. 958(1967)).

In determining whether to consolidate the subject cases, the Court must determine

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial,

---

[1] Rule 42(a) of the Federal Rules of Civil Procedure states the following:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a), FED. R. CIV. P.

multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1995 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982)). As further stated in *Hendrix*, "the court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." *Id.*

### A. THE CASES SHARE MANY COMMON ISSUES OF FACT AND LAW.

As previously noted, under Rule 42(a), all that is required for consolidation is a common question of law or fact. Furthermore, common questions of law or fact need not predominate for the Court to order consolidation. All that is required is that the Court find that common questions exist and that consolidation will be beneficial. In the instant case, consolidation of the two cases will produce gains in efficiency that clearly outweigh any potential prejudice to the Plaintiffs. Although Plaintiff Walker cites several differences in the two pending actions, in reality, the crux of the litigation consists of the following allegations by both Walker and Olive:

- Both Plaintiffs contend that they were discriminated against when they were denied selection/promotion to the position of Adult Education Director.

- Both Plaintiffs claim that the selection process used by Defendants to fill vacancies violated the provisions of the *Shuford/Johnson/Kennedy* Consent Decree.

- Both Plaintiffs contend that they were denied selection/promotion based on discrimination and that they were

further subjected to other discriminatory and/or retaliatory acts relating to the terms and conditions of their employment.[2]

There are also additional facts that compel consolidation, including, without limitation, the following:

- Counsel for the parties is the same in both cases.

- There are overlapping parties in the actions.[3]

- The cases concern a common selection process for the same position.

- The same search committee[4] considered, interviewed and ranked both Plaintiffs for the same Director of Adult Education position.[5]

- Both Plaintiffs claim that they were the candidate best qualified for the position, but that Defendant Dr. Anthony Molina selected another candidate (Quinton Ross, a black male) for the position based on unlawful discrimination;

- Both actions will involve many of the same witnesses, including Trenholm President Dr. Anthony Molina, former Chancellor Roy Johnson, and members of the search committee for the Director of Adult Education position.

In sum, the commonality of the actions is overwhelming; the benefits from consolidation are manifest; and consolidation of these two closely related actions will eliminate duplicative testimony and vitiate the need for witnesses to attend two proceedings.[6]

---

[2] While it is true that Plaintiffs Walker and Olive allege different wrongful conduct allegedly perpetrated by the Defendants against them after they were denied selection/promotion to the Director of Adult Education position, both allege that the promotion denial and their complaints concerning the selection process were the precipitating events which motivated additional adverse actions against them. The only difference concerns the specific adverse action. Olive contends that the Defendants altered her job title and changed her duties; whereas Walker claims that his contract was not renewed.

[3] "The presence of overlapping parties in cases enhances the prospects of consolidation, assuming there are other common issues of law, fact, or both." 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 42.10[6][b] (3d ed. 1997).

[4] Members of the search committee for Director of Adult Education position included Wilford Holt (Chair), (white male), Jackie Dickerson (black female), Doris Turner (black female), Zandra Toney (black female), and Henry Tylicki (white male).

[5] The search committee ranked Quinton Ross (a black male) number one of three candidates recommended to Dr. Anthony Molina for review and consideration of the Director of Adult Education position, and Ross ultimately was selected for the position.

### B. CONSOLIDATION WILL REDUCE THE EXPENSE AND BURDEN OF DUPLICATIVE DISCOVERY.

As conceded by Plaintiff Walker in his opposition, consolidating the two cases would also promote judicial efficiency by reducing the cost of duplicative discovery. *See* Walker Opposition (Doc. no. 30) at ¶10. In fact, much of the discovery required for the two cases is the same, including the depositions of Dr. Anthony Molina, former Chancellor Roy Johnson, and the members of the search committee. Although Plaintiff Walker claims that the two cases are at different stages of discovery, "cases do not have to be at the same stage of discovery for consolidation to take place. ..." 8 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 42.10[6][d] (3d ed. 1997). Furthermore, the cases are currently in virtually the same degree of trial readiness and at comparable stages in the discovery. In particular, the parties have conducted very little discovery in either case because the Court was asked to resolve several motions to dismiss before the commencement of discovery in earnest. In fact, there have been no depositions taken in the *Walker* litigation and Plaintiff Walker only recently answered written discovery propounded by the Defendants. In other words, the difference in the state of discovery and readiness for trial of the two cases is insignificant and, therefore, consolidation would not cause any substantial delay in the trial of this action. Thus, any potential delay created by consolidation would be small compared to the time that would be saved by sharing discovery in the two cases.

Finally, the state is an entity of limited resources. Consolidation of the subject actions, however, will provide the parties an opportunity to share limited resources for the prosecution of these actions. At the very least, consolidation will avoid unnecessary costs for all of the parties

---

[6] The fact that Plaintiff Olive is also suing former Chancellor Roy Johnson should not materially affect the Court's decision because Olive essentially has sued Johnson on a theory of respondeat superior, i.e., that he simply allowed discriminatory conditions to exist rather than engaging in active discriminatory conduct against Olive.

5

by avoiding duplicative discovery, research, pre-trial motions and the separate presentation of substantially similar issues of fact to different juries. In other words, consolidation will allow the parties to seek a prompt resolution of the controlling legal issues and avoid *seriatim* re-litigation of the same issues presented in a slightly different manner by each of the parties in separate lawsuits.

C. **THE COURT CAN PREVENT ANY POTENTIAL CONFUSION OR PREJUDICE THROUGH THE USE OF APPROPRIATE JURY INSTRUCTIONS AND DETAILED VERDICT FORMS.**

Plaintiff also claims that that he will be prejudiced by the consolidation of the cases because the cases involve different issues of fact and law. As previously established, the subject actions share many common issues of fact and law. Furthermore, to the extent that Plaintiffs' allege that a consolidated trial will confuse the jury and prejudice their individual cases, guidance provided by the Eleventh Circuit strongly encourages the use of proper cautionary instructions to prevent any potential prejudice to Plaintiffs. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985) (stating that "[t]he court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation."). Furthermore, the Court can also prevent any prejudice by allowing Olive and Walker to initially present their common evidence regarding the Director of Adult Education position and later offer separate presentations of evidence regarding other separate and distinct claims. In other words, the Court's effective control of the presentation of each case combined

with appropriate cautionary jury instructions and detailed verdict forms will alleviate any potential prejudice to Walker and Olive.[7]

D. **CONSOLIDATION WILL AVOID THE POSSIBILITY OF INCONSISTENT RESULTS FROM JURIES RESOLVING THE SAME FACTUAL DISPUTES.**

The Court should also consider whether consolidation of the cases will eliminate the possibility of inconsistent rulings and findings. *See, e.g., International Paving Sys., Inc. v. Van Tulco, Inc.* 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (construction actions involving same factual issue of defective condition could have produced inconsistent results if not consolidated). In particular, requiring Defendants Dr. Molina and Trenhlom to defend two separate actions greatly enhances the risk of generating inconsistent (and therefore unfair) verdicts in the process. It is conceivable that in separate trials, one jury could find that, Quinton Ross, *i.e.*, the candidate ultimately selected for the position of Director of Adult Education, was the best qualified candidate for the position and that the recommendation of the search committee and Dr. Molina's selection of Ross was free of any discrimination. On the other hand, a second jury could reach the opposite conclusion. That same dilemma would extend to the issue of whether or not the search committee complied with the requirements of the *Shuford/Johnson/Kennedy* Consent Decree during the selection process for the Director of Adult Education position. One fact finder could find that Defendants complied with *Shuford/Johnson/Kennedy* Consent Decree vis-à-vis the selection process, but another jury could come to a different conclusion. Consequently, if the cases are not consolidated, Defendants could be placed in the untenable position of defending the same selection/promotion decision twice at the risk of producing contrary and prejudicial results.

---

[7] Additionally, Plaintiffs Olive and Walker are no more prejudiced by consolidation of the two actions than are the individual Defendants in defending separate claims in a single action.

For this additional, reason and in the interest of justice, the Court should consolidate that *Walker* and *Olive* actions.

E. **CONSOLIDATION OF THE ACTIONS DOES NOT DEPRIVE PLAINTIFF OF ANY SUBSTANTIVE RIGHTS.**

Finally, contrary to the implications of Plaintiff Walker's objection, consolidation does not deprive either Plaintiff of any substantive rights that they may have had if the actions had proceeded separately nor does consolidation result in the merger of the two cases. As noted by the U.S. Supreme Court, "consolidation ... does not change the rights of the parties or make those who are parties in one suit, parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933); *see also, Robinson v. Worthington*, 544 F. Supp. 949, 952 (D.C. Ala. 1982) ("Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (quoting *Johnson*, 289 U.S. 429, 496-497 (1933)); Wright & Miller, *Federal Practice and Procedure: Civil*, §2382 (stating that "Thus the Courts hold that actions do not lose their separate identity because of consolidation."). As noted in *Quintel Corp., N.V. v. Citibank, N.A.*, 100 F.R.D. 695, 697 (S.D.N.Y. 1983), the possibility of confusion resulting from consolidation is usually no greater than that faced by parties in many multi-defendant, multi-count trials. Rather the actions retain their separate identity. *Zdanok v. Glidden Co.*, 327 F.2d 944 (2d Cir. 1964), *cert. denied*, 377 U.S. 934 (1964).

## II. CONCLUSION

In sum, the specific risks of prejudice and possible confusion are manifestly outweighed by the risk of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by separate trials, the length and time required to conclude separate trials, and the relative expense to all concerned.

For all of the reasons set forth herein, as well as in Defendants' original motion to consolidate, Defendants respectfully request that this Court consolidate these matters for all purposes at the earliest possible moment.[8]

Respectfully submitted, this 15th day of March, 2007.

                                              s/Christopher W. Weller
                                              CHRISTOPHER W. WELLER (WEL020)
                                              ROBERT T. MEADOWS III (MEA012)
                                              Attorneys for Defendants

OF COUNSEL:

Capell & Howard, P.C.
Skyway Professional Center
3120 Frederick Road, Suite B (36801)
Post Office Drawer 2268
Opelika, AL 36803
Telephone: (334) 501-1540
Facsimile: (334) 501-4512

Troy King, Attorney General
Office of Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

Joan Y. Davis
Alabama Department of Post Secondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36104

---

[8] See *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (holding that concerns of efficiency should only defer to issues of paramount concern for a fair and impartial trial)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon each of the following persons electronically via CM/ECF filing system on this the 15th day of March, 2007:

| | |
|---|---|
| Candis A. McGowan<br>John D. Saxon, P.C.<br>2119 3rd Avenue North<br>Birmingham, AL 35203 | Nancy E. Perry<br>P. O. Box 4177<br>Montgomery, AL 36103-4177 |
| Gary E. Atchison<br>P.O. Box 2002<br>Montgomery, AL 36102 | Monica Arrington<br>P.O. Box 250091<br>Montgomery, AL 36125 |

s/ Christopher W. Weller
Christopher W. Weller (WEL020)