IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EILEEN OLIVE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-cv-48-MEF |
| | ) |
| **H. COUNCILL TRENHOLM STATE TECHNICAL COLLEGE, ANTHONY MOLINA, individually, ROY JOHNSON, Individually, BRADLEY BYRNE, in his official capacity as Chancellor of the Alabama Department of Postsecondary Education, SAMUEL MUNNERLYN, in his official capacity as Interim President of Trenholm State Technical College,** | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT

**COME NOW** the Defendants, H. Councill Trenholm State Technical College, the Estate of Dr. Anthony Molina, Roy W. Johnson, Bradley Byrne and Samuel Munnerlyn, by and through their undersigned attorneys, and files this Amended Motion to enforce the Settlement Agreement to correct the dates in paragraphs seven (7) and eight (8) of the Motion to Enforce Settlement Agreement filed on July 29, 2008. The Defendants respectfully move this Honorable Court to Enforce the Settlement Agreement entered into by and between the parties in this case in the manner and for the reasons set forth hereinbelow. As grounds therefor, the Defendants would show unto the Court the following:

1. This case alleges that the Plaintiff was discriminated against by the Defendants based on her race and sex in violation of Title VII and 42 U.S.C § 1983, among others. It was

1123595.doc

mediated by Honorable James Anderson, Attorney at Law, in Montgomery, Alabama, on July 8, 2008.

2.  As a result of that mediation, the parties reached a Settlement Agreement which was memorialized in a document entitled "Memorandum Agreement"[1].

3.  During the entire mediation process the Plaintiff was represented by attorneys Candis McGowan, Nancy Perry and Monica Arrington.

4.  The Plaintiff, Eileen Olive, signed the agreement and initialed the handwritten changes, acknowledging her approval and acceptance of the terms and conditions of the settlement. The terms and conditions were also approved by Honorable Candis McGowan, one of the attorneys for Ms. Olive, as indicated by her signature on the Agreement and her initials by the handwritten changes.

5.  The Defendants acknowledged their approval and acceptance of the terms and conditions of the Agreement by having the President of Trenholm State Technical College, namely, Sam Munnerlyn, a Defendant, sign. The terms and conditions were also approved by Robert T. Meadows, III, one of the attorneys for the Defendants, as indicated by his signature on the Agreement.

6.  As a condition of the settlement, the terms and conditions were to be approved by the Chancellor of Postsecondary Education and the Attorney General of the State of Alabama. Both of these individuals have now approved the settlement.

7.  The Plaintiff indicated in a letter to her attorneys dated July 17, 2008, a copy of which is attached hereto and made a part hereof as Exhibit A, that she is not in agreement with the settlement and will not abide by the terms and conditions thereof. Specifically, she will not

---

[1] The Agreement was to be confidential to the extent permissible. As a result a copy of the Agreement is being attached to a Motion filed in this case asking that the document be sealed except as necessary for use in this case.

1123595.doc

resign her position at Trenholm which was a material inducement to the Defendants to settle. Additionally, under the terms of the Agreement her last day at work was to be July 18, 2008. However, she has continued to appear at her work place since then.

      8.     On Wednesday, July 23, 2008, the attorneys for the Defendants were advised by the attorneys for the Plaintiff that Ms. Olive would still not agree to the terms and conditions of the settlement. Therefore, this Motion is being filed.

      9.     In interpreting settlement agreements, the principles governing general contract law apply. See, *Resnick v. Uccello Immobilen GMBH, Inc.,* 227 F.3d 1347 (11th Cir. 2000). Furthermore, even though this case is predicated on Title VII and 42 U.S.C. § 1983, state contract law governs the analysis herein. See, *Rescnick, supra*; *Hayes v. National Service Industries*, 196 F.3d 1252 (11th Cir. 1999); *Schwartz v. Florida Board of Regants*, 807 F.2d 901 (11th Cir. 1987).

      10.    In Alabama agreements made in settlement of litigation are as binding on the parties thereto as any other contract. However, settlement agreements may be reopened based on fraud, accident or mistake. See, *Barnes Enterprises v. Williams*, 982 So.2d 494, 498-499 (Ala. 2007); *Harris v. Preskitt,* 911 So.2d 8, 13 (Ala. Civ. App. 2005); *Nero v. Chastang,* 358 So.2d 740, 743 (Ala. Civ. App 1978); *Mays v. Julian LeCraw and Co.,* 807 So.2d 551, 554 (Ala. Civ. App. 2001).

      11.    Ms. Olive apparently contends that she was under duress when she entered into the Settlement Agreement. See letter attached as Exhibit A. However, at no time during the mediation process did the attorneys for the Defendants or the Defendants themselves speak with or have any contact with Ms. Olive other than casual introductory remarks at the beginning of the mediation. During the entire process she was in a separate room with her three (3) attorneys

and the mediator except during the time that the mediator was in another room with the Defendants and their attorneys. Therefore there was no duress that could have been placed on Ms. Olive by the Defendants and/or their attorneys.

12. Duress under Alabama law occurs when a person is subjected to improper pressure which overcomes her will and coerces her to comply with a demand to which she would not otherwise agree. See, *Head v. Gadsden Civil Service Board,* 389 So.2d 516 (Ala. Civ. App. 1980). In the case at bar, the Defendants had no contact nor did their attorneys have any contact with Ms. Olive other than casual introductory remarks at the beginning of the mediation. Thus, no duress was brought to bear on Ms. Olive by the Defendants.

13. Finally, the settlement was reached on July 8, 2008. Ms. Olive's letter repudiating the settlement is dated July 17, 2008. Because of the passage of time Ms. Olive has we respectfully submit ratified the terms and conditions of the Agreement by remaining silent and acquiescing in the Agreement, rather than immediately contacting her attorneys and repudiating the Agreement. See, *C.J.S., Contracts,* §186.

WHEREFORE, THE PREMISES CONSIDERED, the Defendants respectfully move this Honorable Court to ratify, confirm and approve the terms and conditions of the settlement agreement reached by and between the parties and require the Plaintiff to abide by the terms and conditions contained therein including the signing a more formal "Settlement Agreement" containing a release as set forth in paragraph 7 of the "Memorandum Agreement". The Defendants respectfully request such other, different and general relief to which they may be entitled under the circumstances.

                        Respectfully submitted,

                        /s/ Robert T. Meadows, III
                        Robert T. Meadows, III (MEA012)
                        One of the Attorneys for the Defendants

OF COUNSEL:

CAPELL & HOWARD, P.C
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, Alabama 36803-2268
Telephone:     (334) 501-1540

                        /s/ Terrie Scott Biggs
                        Terrie Scott Biggs (BIG006)
                        One of the Attorneys for the Defendants

OF COUNSEL:

CAPELL & HOWARD, P.C
150 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 241- 8091

Troy King, Attorney General
Margaret L. Fleming, Assistant Attorney General
Office of Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

Joan Y. Davis
Alabama Department of Postsecondary Education
401 Adams Avenue, Suite 280
Montgomery, AL 36104

1123595.doc

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 30th day of July, 2008:

Ms. Candis A. McGowan, Esq.  
Wiggins, Childs, Quinn & Pantazis  
The Kress Building  
301 19th Street  
Birmingham, Alabama 35203  

Nancy E. Perry  
P. O. Box 4177  
Montgomery, AL 36103-4177  

Monica Arrington  
P. O. Box 250091  
Montgomery, AL 36125  

          /s/ Terrie S. Biggs  
          OF COUNSEL

1123595.doc