IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EILEEN D. OLIVE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-048-MEF |
| | ) | |
| H. COUNCILL TRENHOLM STATE | ) | (WO–do not publish) |
| TECHNICAL COLLEGE, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendants' Amended Motion to Enforce Settlement Agreement. (Doc. # 73.)  On November 5, 2008, the Court conducted a plenary evidentiary hearing on this Motion and a Motion to Withdraw as Attorney and for Leave to File a Lien (Doc. # 78.)  The Court orally granted the Motion to Withdraw and for Leave to File a Lien, but took the Amended Motion to Enforce Settlement Agreement under advisement.  For the reasons set forth in this Memorandum Opinion and Order, the Motion to Enforce is due to be GRANTED.

### Factual Background

Plaintiff filed this suit alleging she was discriminated against because of her race in violation of Title VII and 42 U.S.C. §§ 1981, 1983, 1985(3).  Defendants are H. Councill Trenholm State Technical College ("Trenholm Tech"), Anthony Molina, Roy W. Johnson, Bradley Byrne, in his official capacity as Chancellor of the Alabama Department of

1

Postsecondary Education, and Samuel Munnerlyn, in his official capacity as Interim President of Trenholm Tech.

The parties participated in a mediation of this case on July 8, 2008. Plaintiff was represented by counsel (Candis McGowan, Nancy Perry, and Monica Arrington). The parties reached a settlement as a result of the mediation, which was memorialized in a Memorandum Agreement ("the Agreement") (Doc. # 77) (filed under seal pursuant to order of this Court). The terms of the Agreement were approved by Plaintiff and one of her attorneys, Defendants and one of their attorneys, and the mediator. Because the Agreement was to be kept confidential and was filed under seal, the details will not be repeated here, except that pursuant to the Agreement Plaintiff was to cease coming to work on July 18, 2008 and the parties were to draft and sign a final settlement document.

Nine days later, on July 17, 2008, Plaintiff sent a letter to her counsel, with a copy to the Court, (Doc. # 73 Ex. A) claiming that she signed the Agreement "under duress" and that she was "forced into signing an agreement without having a chance to talk with [her] financial advisor." She further stated that she was "sure [the] settlement was not in her best interest" and that she did not intend to sign a final settlement document and would not tender her resignation as required under the terms of the Agreement. Furthermore, on July 23, 2008, attorneys for the Defendants were advised that Plaintiff would not agree to the terms and conditions of the settlement. On July 29, 2008, Defendants filed a Motion to Enforce Settlement Agreement. (Doc. # 72), which they amended the following day (Doc. # 73).

Plaintiff filed her pro se response on August 21, 2008 (Doc. # 79).  On August 8, 2008, counsel for Plaintiff filed a Motion for Leave to Withdraw and For Leave to File Lien (Doc. # 78).

Plaintiff proceeded pro se at the plenary hearing.  Testimony at the hearing established that the mediation lasted from around 12:00 pm to 9:30 or 9:45 pm.  Plaintiff claims she was in a state of heightened anxiety throughout the mediation as a result of two primary factors. First, she claims her attorneys were not guarding her best interests and were increasingly her adversaries in the negotiations.  Plaintiff claims her attorney Candis McGowan intimidated her by telling her about court costs and potential jury sympathies and frightened her by saying that the Governor planned to consolidate some parts of the state college system such that she might lose her job anyway.   Second, she is a Type-2 diabetic and did not eat at all during the mediation, which she claims exacerbated her feelings of anxiety, frustration, and fatigue. There is some dispute about whether food was available at the mediation, but it is clear that Plaintiff never requested a break in order to eat or that someone get food for her, even when her attorneys asked if she needed something to eat.  She claims these circumstances constitute duress and that she was forced into signing the settlement agreement.

The Court orally granted the Motion for Leave to Withdraw and For Leave to File Lien (Doc. # 78) during the hearing.  The Court took the Motion to Enforce Settlement Agreement under advisement.  That motion is now ripe for disposition.

3

## LEGAL STANDARD

This Court has the power to summarily enforce a settlement agreement entered into by litigants while the litigation is pending before the Court. *Massachusetts Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972) (per curiam).[1]  When material facts concerning the existence or enforceability of a settlement agreement are in dispute, however, the court should hold a plenary hearing to determine the enforceability of the settlement rather than summarily enforcing the settlement agreement. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir. 1975); *see also Thompson v. D.C. America, Inc.*, 951 F.Supp. 192, 194 (M.D.Ala. 1996) (DeMent, J.).

"Principals governing general contract law apply to interpret settlement agreements." *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000).  Even though this case seeks redress under federal statutes, state contract law governs the validity of the mediated agreement between the parties to this action. *See id.*; *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1253 (11th Cir. 1999); *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).

Under Alabama law, valid settlement agreements are as binding on the parties as any other contract. *Billy Barnes Enters., Inc. v. Williams*, 982 So.2d 494, 498 (Ala. 2007).

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

However, settlement agreements may be reopened in the case of fraud, accident, mistake or duress. *Id.* at 498-99 (fraud, accident, or mistake); *Jardine v. Jardine*, 918 So.2d 127 (Ala. Civ. App. 2005) (duress). For purposes of defending against putative contracts or settlement agreements in Alabama, "[d]uress is defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with demands to which he would not yield if acting as a free agent." *E.g. BSI Rentals, Inc. v. Wendt*, 893 So.2d 1184, 1189 (Ala. Civ. App. 2004); *Head v. Gadsden Civil Serv. Bd.*, 389 So.2d 516, 519 (Ala. Civ. App. 1980).

## DISCUSSION

Alabama courts have enforced settlement agreements when the claimed duress was factually similar to the duress claimed by Plaintiff. In *Allen v. Allen*, 903 So.2d 835, 843 (Ala. Civ. App. 2004), the Alabama Court of Civil Appeals found there was no duress where one of the parties was "under stress" and "appeared beat down." The court's analysis rested on the following considerations: (1) the party was represented by counsel; (2) he negotiated significant changes to the document before signing it; and (3) there was no "improper pressure" because the only person who met with the complaining party about the agreement was his attorney. *See also Swistok v. Swistok*, 656 So.2d 1207 (Ala. Civ. App. 1995) (holding that there was no duress in part because the complaining party consulted with an attorney before executing the agreement).

Additionally, Alabama courts have found duress only in circumstances significantly

5

more antagonistic than those presented by Plaintiff.  In *Elliott v. Elliott*, 667 So.2d 116, 118 (Ala. Civ. App. 1995), for example, the Alabama Court of Civil Appeals found that a wife entered a settlement agreement under duress where the husband harassed and intimidated her over a two month period by calling her at work at least once per day, showing up at her place of employment "angry and aggressive" once or twice per week, once prompting a supervisor to call security, and undertaking similar harassment of her at her home.  The wife testified that "she signed [the agreement] just so it would be over." *Id.*; *see also Delchamps v. Delchamps*, 449 So.2d 1249, 1252 (Ala. Civ. App. 1984) (holding that a husband signed a settlement agreement under duress where there had been numerous altercations between the husband and wife in which wife had threatened husband's life, that wife had threatened husband with a gun, and that husband was fearful that wife would do him great bodily harm).

Plaintiff's claim of duress is not supported by Alabama law.  The factors the court considered important to a finding of an absence of duress in *Allen* are all present here.  First, Plaintiff was represented by counsel (even if, in her view, not well).  Second, Plaintiff negotiated and initialed no less than four significant changes to the Memorandum Agreement before signing it.  Third, as there was no "improper pressure" in *Allen* because "the only person who met with the complaining party about the agreement was his attorney," there was no improper pressure here because, according to Defendants, "at no time during the mediation process did the attorneys for the Defendants or the Defendants themselves speak with or have any contact with Ms.  Olive other than casual introductory remarks at the

beginning of the mediation.  During the entire process she was in a separate room with her three (3) attorneys."  (Doc. # 73 ¶ 11.)

Moreover, the circumstances of the mediation do not rise to the level found to constitute duress in *Elliott* and *Delchamps*.  Those cases involved protracted and aggravated harassment, sometimes involving threats of serious bodily harm.  Here, no one was "angry and aggressive" as the counterparty was in *Elliott*.  There was no threat of bodily harm and no fear of death as their was in *Delchamps*.  Therefore, in view of the facts considered by the court in *Allen*, and the severity of the circumstances Alabama courts have held to constitute duress, the circumstances of the mediation do not meet the test for duress in Alabama.  Therefore, Plaintiff is bound by the Memorandum Agreement as she would be by any other valid contract.  Defendant's motion to enforce the agreement is therefore due to be GRANTED.

## CONCLUSION

This Court previously granted the then-pending Motion to Withdraw as Attorney and for Leave to File Lien.  The Court will quantify the lien only when Plaintiff's former counsel submits their costs to the Court for approval.  Additionally, in accordance with the reasons set forth in this Memorandum Opinion and Order, it is hereby

ORDERED that Defendants' Amended Motion to Enforce Settlement Agreement (Doc. # 73) is GRANTED.

It is further ORDERED that the Parties comply with the terms of the Memorandum

Agreement in utmost good faith.

The Clerk is DIRECTED to provide a copy of this Opinion and Order to Plaintiff at

Eileen D. Olive
1825 Brookstone Drive
Montgomery, AL 36117

Done this the 17th day of November, 2008.


/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

8